Daniels v. The State.

THOMAS F. DANIELS v. THE STATE.

Where there is no testimony in the case, tending to establish a fact, the court is not required to instruct the jury as to the law of a defence based upon the supposed existence of such fact.

APPEAL from Leon. Tried below before the Hon. N. W. Battle.

The indictment in this case was found on the 17th day of November, 1858, charging the defendant with the murder of Dennis J. Oats, on the 12th day of July, 1858.

Before the trial of the case, a suggestion was made, supported by affidavit, that the defendant was then insane; whereupon, on motion of his attorney, a committee of physicians was appointed to ascertain, and report to the court, whether he was insane or not. Their report indicated the opinion, that the condition of his mind was not such as to exempt him from responsibility. The court then offered to empanel a jury to determine the question whether he was insane or not; which the defendant's counsel declined.

The testimony showed, that the defendant and the deceased had been drinking; that the defendant had used boisterous language towards his mother-in-law, and, as the witness supposed, the parties were quarrelling; that the defendant got his gun, and the deceased took it from him, and put it away, without any resistance on the part of the defendant; the parties seeming to be friendly with each other. The witness who detailed the facts was standing on her piazza, about 150 yards distant from the scene. A short time after this, the deceased came over to her house; from the account she gave of the conversation which occurred between them, it seemed that he was intoxicated; and the witness construed his remarks as being unwarrantably free and impertinent. The witness thought he made an insulting proposition to the servant-girl at her house; the witness resented the rudeness in such manner, as caused his departure; she saw him return to Mrs. Wygart's, (the mother-in-law of the defendant,) go into the kitchen, and shortly afterwards saw Daniels take his rifle, and shoot in at the kitchen-door at which Oats had entered, and then the defendant ran; there was but one report; she did not see the deceased when the gun fired. The dying declarations of the deceased, and all the other circumstances, proved conclusively the act of killing to have been done by the defendant, about the time charged. Mrs. Wygarts, and the defendant's wife, were in the kitchen when the gun was discharged. There was no testimony introduced tending to prove the insanity of the defendant, at the time of the alleged commission of the offence.

The defendant asked the court to charge the jury as to the defence of insanity; the reduction of the offence from murder to manslaughter, in case the killing was the result of immediate provocation, done in the heat of blood; and that any attempt of the deceased to violate the chastity of the defendant's wife, at the time of the killing, was a fact which, if then known to the defendant, would mitigate the punishment.

The charge of the court was applicable to a case of murder in

the first or in the second degree; and to drunkenness at the time of the homicide. The charges asked for were refused.

The defendant was found guilty of murder in the second degree, and the punishment assessed at fifteen years' imprisonment at hard labor, in the penitentiary. The grounds of the motion for a new trial, (which was overruled,) were, that the court erred in charging on the law; and that the jury found contrary to the law and evidence. No question was presented in the record, upon any ruling of the court, by bill of exception, or otherwise, than as already stated.

*Attorney-General,* for the appellee.

ROBERTS, J.—This is a conviction for murder. The facts in proof warranted the verdict; the charge of the court was as favorable to the defendant as he had a right to demand, and the trial seems to have been fairly and impartially conducted. The record does not present any debateable question whatever.

Judgment affirmed.