FRANK WILLIAMS v. THE STATE.

CHARGE OF COURT—ASSAULT WITH INTENT TO MURDER.—On the trial of one charged with making an assault with intent to kill and murder, when the evidence shows a sudden conflict in which several were engaged, growing out of a quarrel suddenly begun at the time, it is the duty of the court to instruct the jury on the distinction between murder and manslaughter, and a failure to do so will constitute error for which a judgment of conviction will be reversed.

APPEAL from Fayette. Tried below before the Hon. I. B. McFarland.

The defendant, Frank Williams, was charged with making an assault on Matt. Howard, with intent to kill

and murder him. As the errors complained of relate chiefly to the charge of the court, the details of the difficulty are not important, further than to state that it resulted from a quarrel suddenly begun between young men at a dance. The charge defined: first, a battery; second, an assault; third, two of the subdivisions defining when assault becomes aggravated; and then in the fourth place proceeded as follows: "If an assault be committed under circumstances which would have been murder, had death resulted therefrom, the party making the assault is presumed to have done so with that intent." The court then charged the jury that the burden of proof rests with the State, and that they must determine the guilt or innocence of the defendant from the evidence, and, if guilty, must assess the punishment and declare the degree of guilt. Then followed a statement of the punishments imposed by law for assault with intent to murder, aggravated and simple assaults, together with the further statement that the prisoner was entitled to the benefit of all reasonable doubts.

No definition was given of the offenses of murder and manslaughter. Verdict guilty, and punishment fixed at five years in the penitentiary.

*R. H. Phelps and Timmons & Brown*, for appellant.

*George Clark, Attorney General*, for the State, admitted the error indicated in the syllabus, and did not ask an affirmance.

DEVINE, ASSOCIATE JUSTICE.—The appellant was convicted of an assault with intent to kill and murder one Matt. Howard.

The errors assigned are substantially set forth as the grounds for a new trial on defendant's motion in the court below. They relate to the errors in the charge of the court to the jury in the failure to charge the jury on the law of

murder and manslaughter, so as enable the jury to apply the facts in evidence to the law, for the purpose of determining, had Howard died from the wounds received, whether the killing would be murder or manslaughter, and if the latter, then the accused could not be properly convicted of an assault with intent to murder; if convicted it must have been of an aggravated or simple assault.

The assignment of errors brings the charge of the court before us for examination. An inspection of it shows that it is open to the objections raised.

The charge of the judge informed the jury that, "If an assault be committed under circumstances which would have been murder, had death resulted therefrom, the party making the assault is presumed to have done so with that intent." This portion of the charge is defective in omitting to inform the jury what was murder and what facts constituted murder, or, in this case, would have amounted to manslaughter, had Howard died from the wounds charged to have been inflicted on him by defendant. Every unlawful killing is not murder, and it required the giving to the jury in this case the exact definitions of the crimes of murder and manslaughter to enable them to pass understandingly on the questions of the guilt or innocence of the accused, and, if guilty, then the degree of guilt. This failure of the court to charge the law applicable to the case is evident when the charge of the court is taken in connection with the evidence. The statement of facts shows that a quarrel arose at a dance as to who had at that time the right to the floor; that a row, a riot, or affray, it is difficult to determine its true character, suddenly sprung up; that Matt. Howard rushing in to aid his brothers was encountered by defendant; two witnesses state he drew or opened his knife; defendant was cut on the back of the neck and on the hands; Howard was cut in the face and stabbed in the shoulder, and admitted, "I may have cut defendant on the back of the neck, as I was striking around gene-

rally." The evidence shows that seven or eight persons were engaged in the melee, men and women; the room in which the disturbance occurred was about sixteen feet square, dimly lighted; about thirty persons present, with great confusion, and the hour midnight. Under such circumstances the court should have given the jury the law relative to murder and manslaughter, as also the law relative to aggravated assault and battery, as embraced in subdivision nine of art. 2150, Paschal's Digest. The charge as given failed to present to the jury the law applicable to the case. The distinction between murder and manslaughter was not shown to the jury. The evidence in this case embraced a body of material facts which demanded a charge that not only defined murder but likewise the law of manslaughter, and if, in the opinion of the jury, the offense of defendant would have been manslaughter had death been the result of his acts, the verdict could not be, " Guilty of an assault with intent to murder." It must, if " guilty," necessarily have been aggravated assault and battery or a simple assault and battery. The omission of the court to give the instructions demanded by the character of the offense charged and the evidence in the cause, has resulted to the prejudice of defendant's rights, and requires a reversal of the judgment. (Taliaferro *v.* The State of Texas, 40 Tex., 528; Thomas *v.* The State, 40 Tex., 43; Johnson *v.* The State, 27 Tex., 766; Villareal *v.* The State, 26 Tex., 109.) For the error in the charge to the jury the court should have granted a new trial. The judgment is therefore reversed and the cause is remanded.

REVERSED AND REMANDED.