## James Rogers v. The State.

1. DUTY OF DISTRICT CLERKS in making transcripts in cases of appeal in criminal cases discussed.
2. ABSENCE OF CHARGE IN TRANSCRIPT.—The court on appeal will presume that the proper charge was given, and in writing, in its absence, when the judgment recites that the jury were charged, rather than that the judge violated his duty by giving a verbal charge in a felony case.
3. See facts held sufficient to support a verdict for burglary.

APPEAL from Montgomery.   Tried below before the Hon. James Masterson.

The facts are carefully given in the opinion of the court.

*J. R. Davis* and *John R. Peel*, for appellant, cited 1

Greenl. Ev., § 82; Whart. Am. Cr. Law, 4th ed., §§ 364, 629, 630; Paschal's Dig., arts. 2359, 2361.

*N. G. Kittrell*, and *George Clark, Attorney General*, for the State.

GOULD, ASSOCIATE JUSTICE.—Appellant was tried and convicted under an indictment for burglary at the September Term, 1874, of Montgomery District Court. The case was regularly returned and docketed at the late Galveston Term, where it was submitted on briefs. On examination it was found that the transcript of the record did not contain any written charge, and further, the certificate to the transcript was found to be defective, stating simply that it contained true copies of the indictment and certain other specified papers and entries. In the brief of counsel for appellant the absence of a written charge was suggested, and a *certiorari* asked for, but no regular motion for the writ was filed, nor was any statement made under oath or otherwise that a written charge was yet to be found among the papers. (Rules of Court, rule 7.) The Code of Criminal Procedure makes it the duty of the district clerk to prepare and forward a complete transcript, properly authenticated, containing all the proceedings had in the case, (Paschal's Dig., art. 3193 *et seq.*,) and also provides that he may be called on to furnish a second transcript when the first has not been received by the clerk of this court. (Paschal's Dig., arts. 3200–3201.)

Regarding the imperfectly authenticated transcript as sufficient to have the case retained on the docket, the clerk of this court was instructed to notify the clerk below to send up a complete transcript, properly authenticated, and as there was not at the late day in the term at which this order was made sufficient time to obtain it before adjournment, the case was transferred to the docket at Austin. From some misapprehension it has only been quite re-

cently that a transcript properly certified has been obtained, and during all this time the appellant has been awaiting the action of this court in jail.   These facts are mentionéd as accounting for the delay, and for the purpose of calling the attention of district clerks to their duties and responsibilities in regard to transcripts in criminal cases.   In this particular case it is probable that the clerk was embarrassed in forwarding his certificate by failing to find the written charge, which he probably knew had once been among the papers.

The transcript is now properly certified, but there is still no written charge in the record.   It is recited, however, in the minutes of the court, that the jury "received the charge of the court," and whilst one of the grounds of the motion for new trial is that " the court erred in its charges to the jury," it does not appear in any way, nor is it alleged in the brief of appellant's counsel that the court violated the law by giving a verbal charge.   In this state of the record we think it is to be presumed that the charge which the jury received was the written charge, setting forth the law applicable to the case, which the law makes it the duty of the judge to give in all cases of felony, and that it has in some way disappeared from the papers of the case.   The disappearance of a loose paper from the files by accident, carelessness, or fraud, is a supposition more readily to be indulged than the violation of the positive mandate of the law by the presiding judge.   Article 3067, Paschal's Digest, is as follows : " Whenever it appears by the record in any criminal action taken to the Supreme Court upon appeal by the defendant that the instructions given to the jury were verbal, (except when so given by consent, in a case of misdemeanor,)   *   *   *   *   the judgment shall be reversed, provided it appears by the record that the defendant excepted to the order or action of the court at the time of the trial."   It does not appear from the record in this case that verbal instructions were given to the jury.

There is no reason to suppose that the charge was in any respect erroneous.   No specific error is pointed out in the motion for new trial, nor in the brief filed by counsel who appear to have managed the case below.   If the charge was erroneous, and its loss calculated to injure appellant, it was his part to take steps to have it supplied in the District Court.   (Paschal's Dig., arts. 4969, 4970.)

Looking to the evidence as contained in the somewhat loosely-prepared statement of facts, it is believed that, though meager in its details, it is sufficient to justify the verdict.   The storehouse of R. Bass & Co. was entered, apparently by means of a ladder, through a window in the upper story, about three o'clock a. m. on the 9th of June, 1874, and various articles were stolen.   There can be no question that an entry by such means and for such purpose in the night time is burglarious.   One witness testifies that about the hour named he saw defendant Rodgers go from the southeast corner of the storehouse, and a few minutes afterwards saw Sam Allen go from the north end of the same house.   These parties had been seen together late on the preceding evening, and were arrested together on the morning of the burglary.   With the exception of one knife the missing articles were found on the person of Allen.   On the examination of these parties before a magistrate a knife was seen to fall from the sleeve or person of Rodgers.   The record states that "J. R. Hill and J. Thompson identified the knife as the property of R. Bass & Co."   The case is argued as if the record showed that a witness testified that J. R. Hill and J. Thompson identified the knife, but we do not so understand it.   There is no bill of exceptions to any ruling of the court, nor does it anywhere appear, as asserted in the brief of counsel, that the case was taken up out of its order to the injury of appellant.

The guilt of appellant appears to have been clearly es-

tablished; and as we find no error disclosed by the record, the judgment is affirmed.

AFFIRMED.