## JOHN DORSEY *v.* THE STATE.

1. RAPE—EVIDENCE IMPEACHING CHASTITY.—In trials for rape, or assaults to commit rape, it is competent for the accused to adduce evidence impeaching the general character of the female for chastity—not to excuse the offense, but to raise a presumption of her consent. But particular instances of illicit intercourse between her and others are not admissible; nor can she herself be interrogated respecting such intercourse except with the accused.

2. SAME—INSUFFICIENCY OF PROOF.—One witness testified that the general character for chastity of the prosecutrix was bad; a policeman testified that he had never heard it impugned or discussed, and that if she was a prostitute he would have known it; and three witnesses deposed to having seen colored soldiers going into and about her house. *Held,* that such evidence fails to impeach the general character of the prosecutrix, and, therefore, it was not error to refuse instructions conditioned upon the jury finding that her general character for chastity had been successfully impeached.

3. CHARGE OF THE COURT.—When there is no evidence tending to establish a fact, courts are not required to charge law which is predicated upon the assumed existence of the fact.

APPEAL from the District Court of Bexar. Tried below before the Hon. GEORGE H. NOONAN.

The opinion sufficiently states the case.

*C. K. Breneman,* for the appellant.

*H. H. Boone,* Attorney General, for the State.

WHITE, J. The appellant in this case is indicted for an

3

assault with intent to commit a rape.   The grounds of error assigned are :

1st. That the court erred in refusing to charge the jury as requested by defendant, and in the law actually given to the jury.

2d. The court erred in refusing to charge all the law applicable to the case.

3d. The court erred in overruling defendant's motion for a new trial.

There is certainly no error in the law, as actually given in the charge of the court to the jury, because the charge is in the very language of the statute (Pasc. Dig., Arts. 2137, 2138, 2184), together with the punishment as prescribed in Article 2156, and the reasonable doubt as provided for in Article 3105, and was applicable to the facts developed by the proof in the case.   The question is, should the additional instructions asked by the defendant have been given?

The instructions were :

1st. " If from the evidence the jury believe the prosecuting witness, Alice Heath, to be a woman of ill-fame, and her statements are unsupported by other evidence, this circumstance will proportionally diminish the credit to be given her testimony.

2d. " If the jury are satisfied from the evidence that the defendant did not commit an assault with intent to commit a rape upon the prosecuting witness, Alice Heath, but that he did assault her, they may convict the defendant of the simple assault.

3d. " If the jury believe the character for chastity of Alice Heath is bad, and that she was in the habit of entertaining colored men as a prostitute, and that her house was frequently resorted to by colored men for purposes of prostitution, the presumption is raised that it was not necessary she should be forced to the embraces of Dorsey ; and the presumption is stronger or weaker, according to

the degree of prostitution or degradation established by the evidence."

Counsel, in his brief, informs us that these charges were prepared with special reference to the case of *Pefferling* v. *The State*, 40 Texas, 492. In that case Moore, J., delivering the opinion of the court, says: "Unquestionably, in trials for rape, or assault with intent to commit rape, the character for chastity of the female alleged to have been injured may be impeached—not as evidence of justification or excuse for the offense, but for the purpose of raising the presumption that she yielded her assent, and was not, in fact, forced. And this presumption, it is said, will be stronger or weaker, according to the degree of prostitution or degradation established by the evidence." And he cites, with approval, the conclusions stated by Mr. Greenleaf, that "the character of the prosecutrix for chastity may be impeached, but this must be done by general evidence of her reputation in that respect, and not by evidence of particular instances of unchastity; nor can she be interrogated as to a criminal connection with any other person, except as to her previous intercourse with the prisoner himself; nor is such evidence of other instances admissible." 3 Greenl. on Ev., sec. 214.

Appellant was permitted to introduce evidence of the character for chastity of the prosecutrix, no doubt, under the very rules here laid down, for we notice that the learned judge who presided at the Pefferling case also presided at the trial of this case in the lower court.

In order to determine whether or not the action of the court in refusing these instructions was error, let us inquire if the facts proved upon the trial tended to establish for the party assaulted "a general reputation for want of chastity."

There was but one witness who testified that her character was not good, and she corroborates, in other particulars, the prosecutrix. The other witnesses were a policeman, who said, "if she had been a prostitute, or so considered, I should

have known or heard of it," and three women, who appear to be her near neighbors, and who, while they stated that they had seen colored soldiers go in and about her house, did not testify that her character for virtue was bad. Such evidence cannot certainly be taken as establishing a " general reputation for want of chastity." See a discussion of " general reputations" in *Boone* v. *Weathered*, 23 Texas, 679.

Having failed to make this proof by the testimony adduced, it was not error in the court refusing the instructions asked. The rule is that, " where there is no testimony in the case tending to establish a fact, the court is not required to instruct the jury as to the law of a defense based upon the supposed existence of such fact." *Daniels* v. *The State*, 24 Texas, 389.

Applying the legal tests for the offense of assault with intent to rape, as they are so concisely and comprehensively stated by Moore, J., in *Thompson* v. *The State*, 43 Texas, 583, to the statement of facts as presented in this case, and we believe the offense was fully proved as charged. There were no mitigating or extenuating circumstances, so far as the record discloses, which rendered it necessary that the court should have charged upon any lesser degree of offense.

The judgment of the lower court is affirmed.

*Affirmed.*