### T. LOCKWOOD *v.* THE STATE.

1. PRACTICE—CERTIFICATE TO TRANSCRIPT.—The following certificate of authentication, though duly attested, signed, and sealed by the clerk, is clearly defective, viz.: "Nine pages of manuscript contains a true copy of all the proceedings in the cause." The case, however, is not dismissed on this account, but the clerk below is required to send up another and complete transcript, duly authenticated.

2. ATTENTION of clerks is specially invoked to the animadversions of the court upon carelessness in the preparation of transcripts.

3. TRANSCRIPTS IN FELONY CASES must be mailed to the clerk of this court; there is no authority to deliver them to the appellants or their attorneys.

4. ASSAULT WITH INTENT TO MURDER.—An assault with intent to kill is not· an offense known to the law of this state, nor does that phrase denote the · offense of assault with intent to murder, which is defined in the Penal Code, and of which the criterion is the inquiry whether, if death had ensued, the killing would have been murder.

5. SAME—CHARGE OF THE COURT.—In trying an assault with intent to mur-· der, the court below, in its charge to the jury, not only misnamed the offense by denominating it an assault with intent to kill, but failed to so define murder, or explain its elements, as to enable the jury to apply to · the evidence the criterion of the offense charged. *Held,* that the charge is erroneous by reason of its failure to give to the jury the law applicable to· the case.

APPEAL from the District Court of Marion.    Tried below before the Hon. B. T. ESTES.

The opinion discloses the material facts.

*J. M. Moore* and *W. T. Armistead*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State, moved to dismiss the appeal because the transcript was not authenticated as required by law.

WHITE, J.    The assistant attorney general moves to dismiss this appeal because the transcript of the record is not authenticated as the law requires.    What purports to be the certificate of authentication is in these words and figures (we copy literally):  " 9 pages of manuscript contains a true copy of all the proceedings in the cause.    Witness, W. F. J. Graham, clerk of the district court of Marion county. Given under my hand and the seal of said court, this 19th day of January, A. D. 1877."    Signed, " W. F. J. Graham, C. D. C. M. Co., Tex."    The seal of the court is attached.

The certificate is most clearly defective.    Art. 3193, Pasc. Dig., and rules for the district court.    See Rule 21, 32 Texas, 819.

Besides this defect, we notice many other errors of ·omission which we are satisfied must have been committed by the clerk in making out this record.    This court has already had occasion, more than once, to animadvert upon the carelessness of officers in the performance of their most important duties.    The ends of justice are frequently delayed, and sometimes actually frustrated, by the inexcusable negligence of officials.

We do not, however, feel warranted in dismissing the case for this reason set out in the motion; but, following the rule of practice adopted by the supreme court in the case of

*James Rogers* v. *The State*, 43 Texas, 406, and "regarding the imperfectly authenticated transcript as sufficient to have the cause retained on the docket," the clerk of this court is instructed to notify the clerk below to send up a complete transcript of this case, properly authenticated.

Another matter connected with this transcript suggests the necessity of directing the attention of clerks to the statute (Pasc. Dig., Art. 3195) as to their duty in sending the transcripts, in all felony cases, by mail, addressed to the clerk of this court. In this case the clerk says he delivered the transcript to the attorney for the appellant. This he had no authority to do.

For the reason above stated the motion to dismiss is refused.

[A second and complete transcript, properly authenticated, having been sent up in obedience to the order of court awarded in the foregoing opinion, the court subsequently disposed of the case on its merits in the following opinion.—REPORTERS.]

WHITE, J. The appellant was indicted for an assault with intent to murder. The court, in the charge to the jury, commences by telling them that "the defendant in this case is charged, by indictment, with an assault with intent to kill." The statutory offense of an assault and battery is then given, and they are then instructed that, "to authorize a conviction for the offense charged, the evidence should show, to your reasonable satisfaction, that the defendant made the assault as charged, with intention to kill, with means calculated to produce that result, and that defendant had the ability to commit a battery."

These are the only portions of the charge in which it was attempted to call the attention of the jury directly to the offense alleged in the indictment, and it is the extent to

which the court endeavored to explain the nature and elements necessary to constitute an assault with intent to murder. Now, there is no such offense known to our law as "an assault with intent to kill." *Wilson* v. *The State*, 25 Texas, 169.

Our statute provides that "whenever it appears, upon a trial for an assault with intent to murder, that the offense would have been murder had death resulted therefrom, the person committing such assault is deemed to have done the same with that intent" (Pasc. Dig., Art. 2159); and our supreme court have said that, in assault with intent to murder, the true criterion is: Had death ensued, would the result have been murder? *Yanez v. The State*, 20 Texas, 660.

Again, it should be remembered that every killing is not murder, nor is every unlawful killing murder. Murder, as an offense, is distinctly defined, and has a distinctive meaning attached to it by our law, and no killing is murder unless it contains the elements and ingredients of that offense, as defined by the law. If, then, the criterion by which to test the offense of an assault with intent to murder be that, had death resulted, it would or must have been murder, how is a jury to determine that question unless murder is defined, or, in connection with the facts of the case, they are so charged and instructed, in substance, as to the elements and ingredients of that crime, as that they can say that the crime would have been murder had death resulted? *Williams v. The State*, 43 Texas, 382; *Long* v. *The State*, decided by this court at the present term, *ante* p. 709; and *Andrew Sheffield* v. *The State*, decided this term, *ante* p. 640.

The charge of the court is wholly defective in not stating the law applicable to the case, and the judgment is, therefore, reversed and the cause remanded.

*Reversed and remanded.*