## John Haynes v. The State.

1. AGGRAVATED ASSAULT—CHARGE OF THE COURT.—Though, in a trial for assault with intent to murder, it is ordinarily incumbent on the court to instruct the jury on the elements of murder, yet, if the conviction was only for an aggravated assault, the omission of such instructions is not deemed to have been prejudicial to the accused, and is not available to him as error.

2. MISDEMEANORS—PRACTICE IN THE COURT OF APPEALS.—It is well settled that this court will not, in misdemeanor cases, revise errors to which exceptions were not duly reserved in the court below. But it seems that this rule might be relaxed when it is apparent that radical error by misdirection of the jury has occurred, to the prejudice of the accused.

3. CHARGE OF THE COURT.—Trying an indictment for assault with intent to murder, the court below told the jury that, if they had a reasonable doubt as to facts which would mitigate the offense to an aggravated assault, they should give the accused the benefit of the doubt, and convict him of the latter offense only. *Held*, objectionable, because assuming the accused guilty of one or other of the offenses, and because invading the province of the jury; but, as the conviction was only for the misdemeanor, and as no exceptions to the charge were reserved, the objections to it are not available to the accused as error.

APPEAL from the District Court of Lamar. Tried below before the Hon. R. R. GAINES.

The indictment charged the appellant with an assault upon L. D. Hinchman with intent to murder, by shooting him with a pistol.

The evidence for the state showed that Hinchman and an associate were playing billiards at a saloon, when the accused came in and took his stand in the way of Hinchman, who cursed him, and at length attempted to push him out of the room, whereupon the accused drew his pistol and fired three shots at Hinchman, wounding him in the shoulder.

The accused examined no witnesses. The jury returned a verdict acquitting accused of an assault with intent to murder, but finding him guilty of an aggravated assault, with a fine of $550.

*Wright & McDonald,* and *Bennett, Ballinger & Bennett,* for the appellant.

*George McCormick,* Assistant Attorney General, for the State.

WHITE, J.   The appellant was indicted for an assault with intent to murder one L. D. Hinchman, and was convicted of an aggravated assault and battery, and his punishment fixed at a fine of $550.

The charge of the court upon the offense of assault with intent to murder was exceedingly meager and unsatisfactory, and we scarcely think it was calculated to inform the jury, as it should, of the character, nature, and constituent elements of that offense.

It has been said that the true criterion in all these cases is, Had death ensued, would the result have been murder? *Yanez* v. *The State,* 20 Texas, 660 ; Pasc. Dig., Art. 2159. And further : " The charge of an assault with intent to murder clearly conveys to the mind that the party charged did make an attack on the party assaulted, under circumstances constituting the offense of an assault, and that he did so under the circumstances constituting the offense of murder—that is, the intent to kill with malice aforethought." *Martin* v. *The State,* 40 Texas, 25. And ordinarily the jury should, in such cases, be informed what was murder, and what facts constituted murder. *Williams* v. *The State,* 43 Texas, 384 ; and *Lockwood* v. *The State,* 1 Texas Ct. of App. 749.

Defendant, however, having been found guilty only of an aggravated assault, cannot, perhaps, complain of this portion of the charge, since it does not appear to have been prejudicial to his rights.

The charge upon an aggravated assault unquestionably

presented the law applicable to that offense, when the crite-
rion to determine it was, Had death ensued, would the killing
have been manslaughter? The objection to this portion of
the charge is as to the manner of its connection with the
context, the two offenses of assault with intent to murder
and aggravated assault being embodied in the same instruc-
tion, and made to depend upon each other to such an extent
as that the unprofessional mind of a jury might experience
difficulty in fully and clearly comprehending its meaning.
No exception was taken to the charge at the time, and the
only additional instruction asked in behalf of the defendant
was given.

The rule seems to be well settled that, " in misdemeanors,.
the defendant must except to the action of the court at the
time of the trial, if he is not satisfied ; and, if not excepted
to, it will not be revised by this court, as regards objections
of the character complained of in this case. If the law as
applicable to the case is given in charge to the jury, and
further instructions are desired, the court must be asked to
give them at the time of the trial. Pasc. Dig., Arts. 3059,
3067. We are of the opinion that there is no departure
from the requirements of these articles. *Mooring* v. *The
State*, 42 Texas, 85. See, also, *Browning* v. *The State*,
1 Texas Ct. of App. 96 ; *O'Mealy* v. *The State*, 1 Texas Ct. of
App. 180 ; *Henry Foster* v. *The State*, 1 Texas Ct. of App.
363 ; *Newton Porter* v. *The State*, 1 Texas Ct. of App. 477.

If this apparently harsh rule of practice be subject to any
limitation or exception at all in cases of misdemeanor, then
the limitation or exception can only arise in those cases where
there is such a radical defect in the charge as that it might with
propriety be said to amount to no charge, as applicable to
the particular facts of the case ; as, for instance, if the court
should, in attempting to define the offense, give the definition
of another and totally different one from that with which the

defendant was charged; or if, in attempting to declare the penalty, he should announce one totally different from that affixed by statute.

In such a case this court would undoubtedly feel authorized, if not bound, to follow the rule in felony cases so well and forcibly stated in the opinion by our learned chief justice in *Bishop* v. *The State.* He says : " If such a charge is not excepted to at the time of trial, but presented in a motion for a new trial, which is the next point at which it could be presented, then its consideration by this court would be subject to another and a very different rule, which would be whether or not such a charge was error which, under all the circumstances as exhibited in the record, was calculated to injure the rights of the defendant, and which is prescribed as one of the grounds for the granting of a motion for a new trial, in the following language : ' Where the court has misdirected the jury as to the law, or has committed any other material error calculated to injure the rights of the defendant.' " (Citing Pasc. Dig., Art. 3137 ; *Monroe* v. *The State*, 23 Texas, 221, 231 ; *Robinson* v. *The State*, 24 Texas, 154 ; *Cockrum* v. *The State*, 24 Texas, 389 ; *Seal* v. *The State*, 28 Texas, 495.)    43 Texas, 396.

In the case we are considering, the defendant having been found guilty of a misdemeanor and no exception saved to it at the time, and the charge, when considered, appearing to be a good one for an aggravated assault, we do not think defendant can now be heard to complain.

Before dismissing this branch of the case we take occasion to call special attention to that portion of the charge which reads as follows :    " If under the testimony you have a reasonable doubt as to the existence of the facts as above set forth, which would reduce the offense (if any) from assault with intent to murder to an aggravated assault and battery, you will give him the benefit of such doubt, and find him guilty of the latter offense."

This charge is objectionable in two several material respects. In the first and most important one it assumes, against the legal presumption of innocence in all criminal cases, that the defendant must be guilty of one or the other offenses named; and in the second place it invades the province of the jury, and instructs them to find him guilty, at any rate, of the lesser grade of offense, and was in that respect a direct violation of that portion of the statute which prohibits the judge from expressing any opinion as to the weight of evidence. Pasc. Dig., Art. 3059.

The proper manner of submitting the question to the jury would have been to have informed them that, in case they entertained the doubt mentioned, they would in that event acquit him of an assault with intent to murder, and proceed to inquire whether or not he was guilty of the aggravated assault, as the same was given them in charge.

But as stated above, and upon the authority of the cases cited, the defendant has deprived himself of the right to have these errors corrected by failing, at the proper time and in the proper manner, to except to the charge.

We do not think the court erred in any of the other particulars complained of, and it is, therefore, unnecessary that we should discuss them.

The evidence is amply sufficient to sustain the verdict and judgment, and the judgment is, therefore, affirmed.

*Affirmed.*