### A. W. SWEENEY v. THE STATE.

1. PLEADING. — A motion to dismiss an appeal "because the transcript is not such as is required by law" is too general, and does not sufficiently point out the objections to the transcript.
2. RULES. — The same rules of practice which govern the District Courts of this State apply to the County Courts.
3. TRANSCRIPTS. — In preparing a transcript for appeal, the seal should be placed *over*, not *under*, the tie, and on some durable substance, capable of receiving and retaining its impress. When this requirement is disregarded, the clerk will be required to send up a new transcript, properly prepared.

APPEAL from the County Court of Morris. Tried below before the Hon. J. F. MOSELEY, County Judge.

As will be seen, the first opinion was rendered on a motion to dismiss; and subsequently, on a perfect transcript, the case was disposed of on the merits, by a second opinion.

*W. Banks* and *L. P. Wilson*, for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

Ector, P. J.   The assistant attorney-general moves to dismiss the appeal in this case " because the transcript is not such as is required by law." This motion is too general, and does not sufficiently point out the objections to the transcript.

The same rules regulating appeals and proceedings in the District Courts govern the County Courts in this State. Gen. Laws Fifteenth Legislature, 22, sec. 19. On an examination of the transcript, the particular objection to it is the manner in which the seal of the County Court is affixed.

The attention of the clerk of the lower court is specially called to Rule 20, prescribed by the Supreme Court for District Courts, which is as follows:

" Transcripts shall be written on good paper, on one side only, and in a neat, legible hand, and sealed over the tie with the seal of the court." 32 Texas, 819; 2 Pasc. Dig., art. 6202. In this case the impress of the seal is on the outside sheet of the transcript, and the tape which fastens it together is tied over the seal.

The transcript should be fastened together with tape, and be sealed over the tie, on some durable substance, capable of receiving and retaining the impress of the seal, in order that the transcript could not be tampered with, — that nothing could be added to or taken from it without being discovered, on an inspection of the same. The administration of the law and the ends of justice are often delayed, and sometimes defeated, on account of the carelessness and inexcusable negligence of officials in their most important duties. The motion to dismiss the appeal is overruled.

Regarding the imperfectly authenticated transcript as

sufficient to have the cause retained on the docket, and adhering to the rule laid down by our Supreme Court in the case of *Rogers* v. *The State*, 43 Texas, 406, and followed by this court in the case of *Lockwood* v. *The State*, 1 Texas Ct. App. 751, the cause is retained on the docket, and the clerk of this court is instructed to notify the clerk below to send up a complete transcript of this case, properly authenticated.

This opinion applies also to the case of *Willis Cannon*, appellant, v. *The State of Texas*, appellee, No. 96, from the County Court of Morris County, in which the assistant attorney-general has also filed a motion to dismiss the appeal because the transcript is not such as is required by law.

*Ordered accordingly.*

WHITE, J. In this case the venue is not proved, and the judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*