Wheeler, J.
Whether the alleged landmarks were such, and bore the marks necessary to identify and constitute them landmarks, was matter of evidence; and it is never necessary to aver in an indictment mere matter of evidence, unless it alters the offense, for if so, as has been said, “-it would make the indictment as long as the evidonce.” (1 Chit. C. L., 231.)
“If notice,” it is said, “be necessary to raise the duty which the “ defendant is alleged to have broken, it should, of course, be averred; but “ where knowledge must be presumed, and the event lies alike in the knowledge of all men, it is never necessary either to state or prove it.” (Ib., 321, 322.) “ So if a request or demand is necessary to complete the offense, it must “bo stated.” (Ib.) But in this case there was no necessity of notice to raise the duly to respect allowed landmarks. Such landmarks are supposed to be alike open to tiro observation and knowledge of all men, and if a man destroy them it must be presumed to have been done knowingly and intentionally. If this was not so done, but was through inadvertence, accident, or mistake, that would be matter of defense, which'must come from tlie defendant, and need not be anticipated or stated in tlie indictment.
It is a general rule that, where an e'vil -intent accompanying an act is neces-to constitute such acta crime, tlie intent must he alleged in the indictment and proved; But where the act is in itself unlawful an evil intent will he presumed, and need not bo averred, and if averred is a mere formal allegation, which need not be proved by extrinsic evidence. (Id., 234.) And it is a general rule that in indictments for offenses created by statute, it is sufficient to follow tlie exact words of the statute in describing the offense. There is an. exception to this rule where tlie statute uses generic terms, in which case it is necessary to state the species according to the truth of the case, aud where the subject of the indictment cannot be brought within tlie meaning- of the statute without the aid of extrinsic evidence, it is necessary,- besides charging- the offense in the words of the statute, to aver such facts and circumstances as may be necessary to bring the matter within the meaning- of it. (Arehibold’s C. Pl, 46, 47; Bush v. The Republic, 1 Tex. R., 455; Burch v. The Republic, Id., 608.) The present ease, however, does not come within these exceptions to tlie general rule. It was sufficient in describing tlie offense to pursue tlie words of the statute creating it, and this having been done, the indictment is sufficient to put tlie accused on liis defense. The judgment must therefore he reversed and the ease remanded for further proceedings.
Tlie motion to dismiss in this case for the want of an assignment of errors was refused, as coming too late after the ease had been submitted on briefs on tlie merits.
Reversed and remanded.