The State v. Warren.

Reversed and remanded.

### THE STATE v. WARREN.

In an indictment for an offence created by statute, it is, in general, sufficient to follow the words of the statute in describing the offence.

Where the language of the statute (Hart. Dig. Art. 493) was, "that if any per- "son shall wilfully and knowingly cut down, carry away or destroy any tree "or timber upon any land not his own, without first having the consent of the "owner," and the indictment charged the defendant with having cut and carried away certain timber "upon land not his own but which was the property of one Thomas Reid," it was held that the description of the land upon which the offence was committed, was sufficient, and that it need not be described by metes and bounds, or by the name of the grantee or any other matter of identity.

Appeal from Bastrop. This was an indictment, under Article 493 of the Digest, charging the defendant, in the language of the statute, with having cut and carried away cer-

tain timber "upon land not his own, but which was" "the "property of one Thomas Reid; without first having the "consent of said Reid." A motion to quash for the want of certainty in the indictment; and, particularly, because it did not describe the land by metes and bounds, or by the name of the grantee, or any other matter of identity, was sustained.

*Attorney General*, for appellant.

WHEELER, J. In describing the offence in the indictment, the words of the statute are strictly pursued. And it is well settled, that, in an indictment for an offence created by statute, it is, in general, sufficient to follow the words of the statute in describing the offence. There are certain exceptions to this rule; but the present case does not come within them. The rule, and the exceptions, have been so frequently considered in former decisions, as to render their repetition here unnecessary. A reference to the cases will suffice. (The State v. West, 10 Tex. R. 555, and cases there cited; Welsh v. The State, 11 Tex. R. 368.) The case last cited is very much in point to the present. It was there held, that the averment and proof that the defendant knowingly cut the timber, upon the land of another, was sufficient to warrant a conviction. And the defendant's oral admission of the fact, was held sufficient proof of the ownership of the land. It was not necessary for the State to make other proof of title in the alleged proprietor.

We are of opinion that the indictment was sufficient; and, consequently, that the Court erred in sustaining the defendant's motion. The judgment is reversed and the cause remanded.

Reversed and remanded.