THE STATE V. OSCAR THOMPSON.

1. The word "range," or "accustomed range," as used in Article 766a of the Penal Code, is a matter of local description, and, unlike a generic term requiring the species to be stated, it admits of proof under the general allegation without defining by averment the limits of the "range."

2. An indictment under Article 766a of the Penal Code is sufficient if it follow the language of the statute defining the offense.

APPEAL from Caldwell. Tried below before the Hon. Henry Maney.

Oscar Thompson by indictment was charged with an offense as follows : "That Oscar Thompson, on October 10, 1873, * * did willfully, unlawfully, and feloniously, and fraudulently take into his possession and drive from its accustomed range one certain black and white heifer, being then and there live stock, and that said heifer was then and there an animal of the species of neat cattle, and that said heifer was not then and there the property of said Oscar Thompson; and that said heifer was then and there the property of one Erveth T. Lynch, and then and there of the value of ten dollars; and he, the said Oscar Thompson, did then and there take into his possession the said heifer as aforesaid, and did then and there drive the said heifer from the accustomed range of said heifer as aforesaid, without then and there the consent of the said owner, and with the intent then and there to·defraud the said owner, * * * and to deprive the said owner of the value of said heifer, and to appropriate the same to the use and benefit of him, the said Oscar Thompson."

Exceptions were filed to the indictment, which were sustained, and the State appealed.

*Fisher*, for the State.

*L. J. Storey*, for appellee.—The appellee was indicted in the District Court of Caldwell county, under Article 766a of the Penal Code, for taking possession of and driving from its accustomed range a certain heifer, etc., which, if true, under a proper indictment, may be punished by confinement in the penitentiary for two years.

The wording of this article of the code is somewhat pe-

culiar. "If any person shall willfully take into possession, and drive, use, or remove from its accustomed range, any live stock not his own," etc. The taking into possession, without driving or removing from the range, would not be an offense under this article. The driving from the range is certainly the gist of the offense.

On the trial of this case in the court below we submitted a motion to quash the indictment, which was sustained by the court—

1. Because the indictment charged no offense.

2. Because the range of the heifer was not set out or described in the indictment.

If the range was not set out, we think no offense was charged; hence we will consider both reasons together.

We know of no decision of this court construing this article of the code, but we have other and similar laws which have been construed, and to some of these we desire to call the attention of the court.

Article 399 of the Penal Code provides that "If any person shall publish," etc. It has been decided by our courts that an indictment in the language of this statute was not sufficient. "The composition or print should be set out," etc. (See The State v. Hanson, 23 Texas, 233.)

Again, Article 423, Penal Code, provides that if any person shall sell liquor without license, he shall be punished, etc. This court says it is not sufficient to charge in the language of the law. (See Alexander v. The State, 29 Texas, 496.)

Article 409 prohibits the playing of cards in certain houses, "or any other public house." This court, in construing this statute, says the kind of public house must be stated in the indictment. (See Millican v. The State, 25 Texas, 667.)

Two persons are charged in the same indictment with playing cards or betting on an election. Though the statute does not require it in terms, yet this court says

the indictment must state whether they played or bet with each other or not. (See Galbreath v. The State, 36 Texas, 200 ; Lewellen v. The State, 18 Texas, 538.)

Again, theft from "a house" is an offense under our law; yet no one will contend that an indictment in the language of the statute, without some description of the house, its locality and ownership, could be held to be sufficient. This article has been construed by this court in the case of Gadson v. The State, 36 Texas, 350.

We repeat that the gist of the offense is the "driving from the accustomed range," and the defendant has a right to know something of the limits claimed by the State as the range of the animal driven. Without this description the offense is not set forth in plain and intelligible words, as required by the seventh subdivision of Article 395 of the Code of Criminal Procedure.

Nor could he plead the judgment in this case in bar of a future prosecution for the same offense.

REEVES, ASSOCIATE JUSTICE.—The defendant, Thompson, was indicted under Article 766a of the Penal Code for taking into his possession and driving from its accustomed range a certain heifer described in the indictment.

The defendant moved to quash the indictment on two grounds: 1. Because the indictment charged no offense. 2. Because the range of the heifer was not set out or described in the indictment.

The court sustained the motion and dismissed the indictment, and the State, by the district attorney, excepted and gave notice of an appeal.

The act of November 12, 1866, under which the defendant was indicted, provides for a class of cases not embraced in the general definition of theft as defined by the code, but declared to be theft under the provisions of this act. The offense is defined by this act. Article 766a provides, "If any person shall willfully take into

possession and drive, use, or remove from its accustomed range, any live stock not his own, without the consent of the owner, and with intent to defraud the owner thereof, he shall be deemed guilty of theft," etc.

The other articles need not be examined, except Article 766*d*. This article provides that, "In prosecutions under the three preceding articles, it shall only be necessary to prove the act of killing or destruction, or driving, using or removing from the range, of any stock not belonging to or under the control of the accused, and it shall devolve upon the accused to show any fact under which he can justify or mitigate the offense."

The expression "range," or "accustomed range," as used in the statute, is matter of local description, and, unlike a generic term requiring the species to be stated, it admits of proof under the general allegation without defining by averment the limits of the "range."

The indictment charges the offense in the language of the statute under which it was framed, and not coming within any exception to the general rule, it is sufficient. (Camp v. The State, 3 Kelly R., 417; The People v. Taylor, 3 Denio R., 93; Francis v. The State, 21 Texas, 280; Horan v. The State, 24 Texas, 161.)

In an indictment charging the defendant with cutting timber on the land of another it was held to be sufficient for the indictment to follow the language of the statute, without further description of the land, and no good reason is perceived why the same rule should not be applied to this case. (The State v. West, 10 Texas, 553; Welsh v. The State, 11 Texas, 374; The State v. Warren, 13 Texas, 45.)

The indictment was sufficient to put the defendant on his trial, and there was error in sustaining the motion to quash, for which the judgment is reversed and case remanded for further proceedings.

REVERSED AND REMANDED.