## TOM BARNES V. THE STATE.

CHARGE OF COURT.—On the trial of one charged with theft of an animal, the possession of the hide of the stolen animal by the party accused was relied on by the State as a circumstance to establish guilt, though the identity of the hide was controverted by the defense. The court charged the jury, "you are instructed that the possession of a partially dry hide by a party charged with the theft of an animal is not necessarily conclusive proof of the theft of the animal by the party having such hide in his possession:" *Held,* that it was a correct statement of a general proposition, that it did not assume as true any controverted fact, and that it was not a charge upon the weight of evidence.

APPEAL from Victoria. Tried below before the Hon. T. C. Barden.

*A. B. Peticolas,* for appellant, insisted that the charge of the court was a charge on the weight of evidence in this, that in saying that the possession of a partially dry hide by defendant was not necessarily conclusive proof of the theft of the cow which once wore it, it was in effect telling the jury that it was a very strong circumstance against defendant, citing Brown *v.* State, 23 Tex., 201; Walker *v.* State, 42 Tex.,     .

*A. J. Peeler, Assistant Attorney General,* for the State.

REEVES, ASSOCIATE JUSTICE.—We are of opinion that the court did not err in overruling the appellant's motion for a new trial.

The first ground of the motion is, " the court erred in the 6th instruction given to the jury, said instruction being an assumption by the court that one of the material facts of the case was true."

2. Said charge is a charge upon the weight of testimony, to the prejudice of defendant.

The instruction complained of is as follows :

" You are instructed that the possession of a partially

dry hide by a party charged with the theft of an animal is not necessarily conclusive proof of the theft of the animal by the party having such hide in his possession."

The proposition here stated is general, applying to any party in the case supposed, without assuming that any fact in evidence in the case before the jury was true. In the same connection the jury was told that the possession of a hide " is, however, a circumstance to be taken into account with other facts to enable a jury to determine whether the party charged be guilty of the theft of the animal or not, when so charged with the theft of such animal."

The charge is also free from the objection of being a charge upon the weight of evidence.

The 3d, 4th, and 5th grounds of the motion are as follows:

3. The evidence, all taken together, is not sufficient to authorize the conviction of the defendant of the crime charged against him in the indictment.

4. The verdict of the jury is directly contrary to the 8th instruction given by the court.

5. The verdict of the jury is contrary to the law and the evidence.

It will be convenient to consider these grounds together.

The 8th instruction reads as follows:

" If from the evidence in this case you shall find that the animal from which the hide referred to in the testimony of witnesses was taken was dead when the hide was removed therefrom, then this defendant cannot be convicted of the theft of the animal."

The jury was not confined to the testimony of the witnesses that the animal from which the hide was taken was found dead on the prairie by the defendant in making up their verdict. The inquiry extended to the whole case, and to all the evidence before them, whether it was introduced by the State or the defendant. There was a conflict in the evidence, and if the jury have thought proper to give

credit to the State's witnesses and render their verdict on their testimony rather than on the evidence introduced by the defendant, their right to do so cannot be questioned. It does not appear that there has been an improper exercise of the right in this case in view of the evidence.

The State proved that a hide with Gus Black's brand on it was found at Peter Jecker's, in January, 1874. It was about half dry when it was purchased by Jecker, and when examined by two of the State's witnesses, some two or three days after the purchase, it was found to have bullet or shot holes in it. The hide was identified by Jecker's little son as being the same hide which the defendant had sold to Mrs. Jecker. Witnesses who were stock raisers, and well informed on the subject, proved that the hide was not taken from an animal that had died of poverty, but from one in good condition, and gave as a reason for the statement that a hide taken from an animal which has died of poverty is blue on the hips and back, and this hide was not in that condition.

The defense was, that the hide sold by the defendant to Mrs. Jecker was not the hide which was examined by the witnesses for the State; that the hide sold by defendant was removed from an animal found dead on the prairie, and not in Black's brand, and had no bullet or shot holes in it, and that the animal had died from poverty. It was proved that defendant had sold to Jecker only one hide. It was shown that none of Black's cattle were sold during the month of January, 1874.

The case was fairly presented to the jury by the charge of the court, and the charges asked by defendant were all given, and there being no apparent error in the judgment, it is affirmed.

AFFIRMED.