ROLANDO CESURE *v.* THE STATE.

1. EVIDENCE—COLLATERAL FACTS.—The fundamental rule that evidence must correspond with allegations, and be confined to the issue, excludes proof of collateral facts which afford no reasonable presumption or inference pertinent to the issue joined. To this rule, however, there is an apparent exception when *knowledge* or *intent* is a material inquiry.

2. SAME.—On a trial for willful burning, a witness was allowed, over objection by the accused, to prove that accused had previously been incarcerated as a pickpocket. *Held*, error; such proof was not only incompetent under the foregoing rule of evidence, but was calculated to deprive the accused of a fair trial of the case at bar.

3. CHARGE OF THE COURT—ARGUMENTATIVE CHARGE.—Article 595 of the Code of Criminal Procedure (Pasc. Dig., Art. 3060) does not prohibit argumentative charges to juries, but only such argument as is calculated to arouse the sympathy or excite the passion of the jury.

4. Same—Alternative Penalties.—On trials of offenses to which alternative penalties are attached, it is the duty of the district judge, whether asked or not, to give such alternative penalties in charge to the jury; and an omission to do so is error.

Appeal from the District Court of Williamson. Tried below before the Hon. E. B. Turner.

*Terrell & Walker*, for the appellant.

*H. H. Boone*, Attorney General, for the State.

White, J. The indictment in this case reads as follows: "In the name and by the authority of the state of Texas. The grand jurors of Travis county, in said state, at the October term, A. D. 1875, of the district court of said county, upon their oaths, in said court present that Rolando Cesure and Charley Coney, in said county and state, on the tenth day of September, in the year of our Lord eighteen hundred and seventy-five, did then and there unlawfully and willfully set fire to and burn a stack of fodder, not their own but the property of another, to wit, the property of John A. Riggio, against the peace and dignity of the state." (Signed by the foreman.)

The indictment was evidently brought under Article 2329, which is as follows: "If any person shall willfully burn any building not coming within the description of a house as defined in the preceding chapter, or shall willfully burn any stack of corn, hay, fodder, grain, or flax, or any pile of boards, lumber, or wood, the property of another, he shall be punished by confinement in the penitentiary not less than two nor more than five years, or by fine not exceeding $2,000."

The venue of the case was properly changed, upon the application of defendant, to Williamson county.

At the trial the defendant was found guilty, and his punishment assessed at three years in the penitentiary.

There are three grounds of error stated in the assignment, as follows :

1st. The court erred in permitting the district attorney to prove the declaration of defendant while confined in jail.

2d. The court erred in overruling defendant's motion for a new trial.

3d. The court erred in not arresting the judgment in this cause.

As far as we purpose noticing them, these errors will be examined in the order presented.

This 1st error complained of is also presented both by bill of exceptions and in the motion for a new trial. The witness for the state was asked, substantially, by the district attorney, to detail a conversation, if any he had, with defendant while defendant was in jail in the city of Austin, prior to the time of the alleged burning.

This was objected to by defendant's counsel, but the objection was overruled, and the witness was permitted to do so, and he proceeded to say : " I was informed that defendant was in jail, and he sent for me by a negro woman to come and see him ; he wanted me to go on his bail bond, which I refused. This was before the burning, and while (he was?) in jail on another charge. We were talking at the jail door—Rolando being present. He was not in jail about this matter, but was in jail for cutting a man's pockets."

It is distinctly provided in our statute " that the rules of evidence known to the common law of England, both in civil and criminal cases, shall govern in the trial of criminal cases in this state, except where they are in conflict with the provisions of this Code, or of some other statute of the state." Pasc. Dig., Art. 3103. And again : "A defendant in a criminal case is presumed to be innocent until his guilt is established by legal evidence." Art. 3105. Now, it is not only a fundamental, but it is laid down as the *first, rule* gov-

erning the production of evidence, "that the evidence offered must correspond with the allegations, and be confined to the point in issue." 1 Greenl. on Ev., sec. 50. "This rule excludes all evidence of collateral facts, or those which are incapable of affording any reasonable presumption, or inference, as to the principal fact or matter in dispute; and the reason is that such evidence tends to draw away the minds of the jurors from the point in issue, and to excite prejudice and mislead them." Ib., sec. 51. It is true that, in some rare and exceptional cases, this rule has been allowed to be varied, and evidence permitted of other, and entirely separate and distinct, offenses than the one for which the party is on trial. But those will be found to have been cases in which the *knowledge* or *intent* of the party was a material fact, on which the evidence, apparently collateral and foreign to the main subject, had a direct bearing, and was, therefore, admitted. 1 Greenl. on Ev., sec. 53; and *Gilbraith* v. *The State*, 41 Texas, 567, and authorities there cited.

The testimony objected to comes within none of these exceptions, but is in plain violation of this rule, and had a tendency, whether such was the effect produced or not, of prejudicing the defendant and his case in the eyes of the jury, on account of the fact that he had been before incarcerated in jail as a pickpocket and thief, and thereby preventing him from obtaining at their hands a fair and impartial trial of the case before them. *Shaffner* v. *Commonwealth*, 2 Green's Cr. Rep. 504; *Watts* v. *State*, 5 ib. 676. The introduction of this testimony, over the objections of defendant, at the trial, would be sufficient of itself to warrant us in reversing the case, and we would do so without further comment were it not for the importance and gravity of some of the other errors presented by the defendant's assignment.

In regard to the 2d error, which was predicated upon.

the action of the court in overruling the motion for a new trial, we purpose to notice only the 4th, 5th, 6th, and 10th grounds, set forth in the motion as follows:

4th. Because the court erred in its charge to the jury. 5th. Because the charge was argumentative and upon the weight of the evidence. 6th. Because the court erred in refusing to give all of the charges asked by defendant's counsel. And, 10th. Because the court erred in instructing the jury thus: If they found guilty, that the punishment must be by imprisonment not less than two nor more than five years, or by fine not exceeding $2,000, without instructing them that they had the discretionary power of substituting imprisonment in the county jail instead of the penitentiary.

Let us first examine and dispose of the 6th ground of the motion for a new trial, which presents the objection that the charge was argumentative and upon the weight of evidence. "It is beyond the province of a judge, sitting in criminal causes, to discuss the facts, or to use any argument in his charge calculated to rouse the sympathy or excite the passion of the jury. It is his duty to state plainly the law of the case." Pasc. Dig., Art. 3060. And it is worthy of note that this Article (3060) does not, as seems to have been apprehended from the objection made, prohibit the judge from making his charge "argumentative;" but the prohibition only limits him in the "use of any argument calculated to rouse the sympathy or excite the passion of the jury."

However much we may deprecate the practice of interpolating lengthy arguments, purely upon questions of law, into charges given the jury, we cannot say that to do so was, or would be, a violation of law. The extent to which this would be permissible cannot be defined so long as the well-established rules are not trenched upon, to wit: the rule which makes it the duty of the judge to "deliver to the jury a written charge, in which he shall distinctly set

forth the law applicable to the case" (Art. 3059); the rule that "it is his duty to state plainly the law of the case" (Art. 3060); and the further rule that a party in a felony case is entitled to a new trial "when the court has misdirected the jury as to the law" (Art. 3137).

The most concise exposition of the rule of practice which we have seen, upon the purpose, scope, and extent of a charge, is that stated by Chief Justice Roberts in *Marshall* v. *The State*. He says that "it is not contemplated that the purpose of the charge is to educate the jury to a knowledge of the general principles of law relating to an offense, as is done by a law lecture upon the subject, whether quoted from the Code or from standard elementary authors. Rather, it is expected that the judge, upon due consideration, shall anticipate the conclusion as to the facts to which the jury might arrive from the evidence before them, and to instruct the jury as to what combination of such facts, if proved to their satisfaction, would amount to the offense charged in the indictment, and what combination of such facts, if they existed, would excuse or justify the defendant, or establish his innocence." *Marshall* v. *The State*, 40 Texas, 200; *Brown* v. *The State*, 23 Texas, 195; *Bishop* v. *The State*, 43 Texas, 391.

In regard to the other ground—that the charge was upon the weight of the evidence—we do not think the objection well taken. Our Code of Criminal Procedure provides that, "after argument of any criminal cause has been concluded, the judge shall deliver to the jury a written charge, in which he shall distinctly set forth the law applicable to the case; but he shall not express any opinion as to the weight of the evidence, nor shall he sum up the testimony. This charge shall be given in all cases of felony, whether asked for or not." Pasc. Dig., Art. 3059. And again: "The jury, in all cases, are the exclusive judges of the facts proved, and of the weight to be given to the testi-

mony, except where it is provided by law that proof of any particular fact is to be taken as either conclusive or presumptive proof of the existence of another fact, or where the law directs that a certain degree of weight is to be attached to a certain species of evidence." Pasc. Dig., Art. 3108.

The portion of the charge cited as being obnoxious, because it was upon the weight of evidence, was as follows : "If you should find from the evidence that the defendant did willfully set fire to the stack of fodder, as charged against him, and charged to have been burned, then he would be guilty of the offense charged, notwithstanding a portion only of the stack of fodder was consumed ; because, in that event, the defendant could not be benefited from the fact that other persons succeeded in extinguishing the flames before the whole was consumed."

This instruction was not only warranted by the statute last above quoted, but was eminently proper, and made necessary by the facts adduced in evidence on the trial.

In *Brown* v. *The State* the court, commenting upon the province of the judges under the provisions of this Article (3108), say : "It is the duty of the court to instruct the jury upon these legal presumptions and degrees of weight in particular testimony constituting exceptions to the general rule—not because they may be in consonance with enlightened reason and experience, but because they are prescribed as rules of law pertaining to the weight of evidence. So far only is the court required to enlighten the jury upon the weight to be given to the testimony." 23 Texas, 201 ; *Barnes* v. *The State*, 43 Texas, 98 ; *Darnell* v. *The State*, 43 Texas, 147.

The 4th and 10th grounds relied upon in the motion for a new trial will be considered and treated together, as they embrace the same question, viz., error in the charge—the first being an objection to the charge generally, and the sec-

ond, as will be seen above, to a particular portion of the charge quoted.

In treating upon another branch of the case we have already had occasion to quote, in full, Articles 3059 and 3060, wherein " the judge is required, in his written charge to the jury, to distinctly set forth the law applicable to the case," and that " this charge is required to be given in all cases of felony, whether asked or not," and that " it is his duty to state plainly the law of the case."

The Code of Criminal Procedure further provides that new trials in felony cases shall be granted " where the court has misdirected the jury as to the law, or has committed any other material error calculated to injure the rights of the defendant."

The defendant in this case having been indicted, under Article 2329 of Paschal's Digest, for willfully burning a stack of fodder, and the punishment affixed being alternative in its character—that is, confinement in the penitentiary or a fine—it was a part of the law applicable to the case, and the judge should have so charged the jury, in regard to the discretion to be exercised by them in case they found defendant guilty, as provided in Article 1678, Paschal's Digest, which reads, " whenever, by the provisions of this Code, the penalty for an offense is confinement in the penitentiary or fine as an alternative, it shall be in the discretion of the jury to substitute imprisonment in the county jail instead of the penitentiary." It is true no special charge was asked by defendant on this subject, but, inasmuch as the case was one of felony, it was the duty of the court to have given the charge, whether asked or not. *Saunders* v. *The State*, 41 Texas, 306; *Villareal* v. *The State*, 26 Texas, 107; *Johnson* v. *The State*, 27 Texas, 766; *Thomas* v. *The State*, 40 Texas, 60; *Pefferling* v. *The State*, 40 Texas, 487; *Thomas* v. *The State*, 40 Texas, 36; *Marshall* v. *The State*, 40 Texas, 200; *Taliaferro* v. *The State*, 40 Texas,

523 ; *Sutton* v. *The State*, 41 Texas, 513 ; and see, especially,. *Bishop* v. *The State*, 43 Texas, 390.

The question of the punishment to be inflicted was a mat-ter entirely discretionary with the jury, and was as legiti-mate a subject of inquiry by them as any other involved in the case. Failing to give a charge submitting this ques-tion to the jury, the court " has committed a material error calculated to injure the rights of the defendant " (Pasc. Dig., Art. 3137), for which a new trial should have been granted.

Punishment by imprisonment in the county jail is con-sidered of lighter character than that by confinement in the penitentiary ; the former operating chiefly as a deprivation of liberty for the time being, whilst the latter, in addition to the moral stigma attached, carries with it political and civil disfranchisement. Const. of 1869, Art. 6, sec. 1 ; Pasc. Dig., Arts. 1666, 3109.

We cannot perceive any error in the action of the court in overruling the motion in arrest of judgment. The indict-ment, when tested by the requisities of the statute (Pasc. Dig., Art. 2863), is believed to be good.

We deem it to be unnecessary to notice the other grounds of error complained of; but, for those noticed, the judg-ment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*