## Elijah Brewer *v.* The State.

1. **Information.**—If an information charges the offence in the language of the statute it is sufficient, as a general rule. The exception to this rule is when the statute uses generic terms, in which case it is necessary to state the species, according to the truth of the case; and when the subject of the indictment cannot be brought within the meaning of the statute without the aid of extrinsic evidence, it is necessary, besides charging the offence in the words of the statute, to aver such facts and circumstances as may be necessary to bring the matter within the meaning of it.

2. **Variance.**— An indictment must show that the offence was committed some time anterior to its filing, and that it does not appear to be barred by limitation. In this case the offence is alleged to have been committed in the year "*one thousand and seventy-eight*," a mistake, evidently, which might have been corrected at the proper time. But *held,* that the variance between the complaint and information is fatal.

Appeal from the County Court of Denton. Tried below before the Hon. T. E. Hogg, County Judge.

No brief for the appellant.

*George McCormick,* Assistant Attorney-General, for the State.

Winkler, J. The appellant, by motion in arrest of judgment, which was overruled in the court below, calls in question the sufficiency of the information upon which he was tried and convicted.

The charge in the information is that the accused, " with force and arms, in the county of Denton, and State aforesaid, did unlawfully break, pull, cut down, and injure a certain fence, then and there the property of Amanda C. Yates, and then and there in the possession of Cicero Cullin, without the consent of her, the said Amanda C. Yates ;" against, etc.

The information is based upon the first section of the act of April, 1873 (Gen. Laws 1873, p. 41), which is as follows : " That hereafter it shall be unlawful for any person

or persons to break, pull down, or injure the fence or fences of another, without the consent of the owner, or person in possession thereof." The object of the act of which the above extract is a part, as declared in the title, is " to bet‥ ter provide for the protection of agricultural interests."

We have not been favored with the views entertained by counsel for the appellant as to what particular portion, or in what respect, the information is deemed defective, any further than as set out in the motion in arrest of judg— ment, and have only the record to guide us in passing upon its sufficiency. It is a general rule, well settled by numer— ous authorities and adjudications, that in indictments for offences created by statute it is sufficient to follow the ex— act words of the statute in describing the offence.

The exception to this rule, it was said in *The State* v. *West*, 10 Texas, 553, on the authority of Archbold's Crimi— nal Practice and Pleading, and *Bush* v. *The Republic*, 1 Texas, 455, 608, is " where the statute uses generic terms, in which case it is necessary to state the species, according to the truth of the case; and when the sub— ject of the indictment cannot be brought within the mean— ing of the statute, to aver such facts and circumstances as may be necessary to bring the matter within the mean— ing of it." Another general rule is, that " when an evil intent, accompanying an act, is necessary to constitute such act a crime, the intent must be alleged in the indictment, and be proved. But when the act is in itself unlawful, an evil intent will be presumed, and need not be averred; and, if averred, it is a mere form of allegation, which need not be proved by extrinsic evidence." *The State* v. *West*, 10 Texas, 553; Chitty's Cr. Law, 234.

In West's case the indictment contained two counts; one charged the cutting of a tree, the other the moving of a stake, described as allowed landmarks of a certain tract of land described in the indictment. In the description of the

·offence the indictment followed the words of the statute. The indictment was questioned in the District Court, on the .ground that it " does not allege that the stake or corner-tree was marked as a corner-tree or boundary-line, or that the defendant knew them to be such corner or boundary-line." It was held " the case does not come within these ·exceptions to the general rule," and that it was sufficient, in describing the offence, to pursue the words of the statute ·enacting it; and that the indictment was sufficient to put the accused upon his defence.

In *Welsh* v. *The State*, 11 Texas, 368, where the indictment charged the accused with cutting down and carrying :away trees upon the land of William Taylor, without first having the consent of William Taylor, it was held sufficient 'in the indictment to follow the statute, and West's case was ·cited, and the ruling therein affirmed; and both Welsh's .and West's cases were again cited, and the rulings again :affirmed, in *The State* v. *Warren*, 13 Texas, 45.

We are aware that forcible trespass has been classed as being analogous to riots and kindred offences, and that it has been said that any actual, or even attempted violence, ·of the legal standard in magnitude, creating a perturbation in the public repose, is indictable at common law, and that these common-law offences have been by statutes confirmed, .and in some respects extended, in several of the States. Bishop's Stat. Cr., sec. 541. But we are of opinion that the offence enacted by the statute under which this prosecution is had does not belong to that class of offences, :at least in analogy to offences calculated to lead to breaches ·of the peace, and that it does not require the same degree ·of particularity in charging the offences, it being the declared object of the statute to *better provide for the protection of agricultural interests;* and that, whether a prosecution be by indictment or information, it would be sufficient to charge an offence, under the act in question, as it is set

out in the statute, and that no greater particularity is required.

There is, however, a fatal defect in the information in another respect. There is a material variance between the complaint and the information. The information charges an offence as having been committed in the year "*one thousand and seventy-eight.*" This is, doubtless, a mistake. If so, it could have been corrected at the proper time; but it is now too late. We must try the case upon the record as we find it. One requisite of an information is, "that the time of the commission of the offence be some date anterior to the filing of the information, and that the offence does not appear to be barred by limitation." Code Cr. Proc., art. 403, subdiv. 6 (Pasc. Dig., art. 2870); *Collins* v. *The State*, decided at the present term, and authorities there cited, *ante*, p. 37.

Because of a fatal defect in the information, the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*