## F. M. ANTLE *v.* THE STATE.

1. INDICTMENTS for statutory offences are good, as a general rule, if they follow the exact language of the act; and this rule is equally applicable to informations.

2. ILLEGAL PRACTISE OF MEDICINE. — The act of 1876, "to regulate the practise of medicine," requires that, before any person engages in the "practise of medicine, in any of its branches or departments," he shall comply with certain provisions of the act. *Held,* that an information need not allege the particular "branch or department" of medicine in which the defendant engaged.

3. SAME — EVIDENCE. — Proof that the defendant engaged in any branch or department of medicine sustains the allegation that he engaged "in the practise of medicine."

4. SAME. — Informations for violation of the said enactment need *not* negative the exceptions contained in the provisos to the fifth section; they are matters of defence, and provable under the plea of not guilty.

5. SAME — EVIDENCE — CHARGE OF THE COURT. — Defendant asked a charge that "a person who was attending a single case could not be adjudged guilty of practising medicine, though he held and filed no certificate as required by law." *Held,* properly refused. Proof of a single act, in connection with other circumstances, might suffice to warrant a conviction, — as, for instance, that he held himself out to the community as a physician.

6. SAME — GENERAL CHARACTER. — Though the State is not allowed to put in issue the general character of the defendant, this rule does not preclude it, in cases like the present, from proving the professional capacity in which he held himself out to the public.

7. PROTECTION of the people against quack doctors is the purpose and policy of the "act to regulate the practise of medicine."

APPEAL from the County Court of Caldwell. Tried below before the Hon. E. H. ROGAN, County Judge.

The opinion discloses all facts underlying the rulings.

*Nix & Storey,* for the appellant, filed an ingenious and able brief.

*Thomas Ball,* Assistant Attorney-General, and *W. B. Dunham,* for the State.

WINKLER, J. The appellant was tried on information in the County Court, convicted, and fined $50 for an alleged

violation of the act of August 21, 1876, entitled, " An act
to regulate the practise of medicine." Gen. Laws 1876,
p. 231.

The information was treated as embracing two counts, —
one apparently charging the accused with having unlawfully
practised medicine without having a certificate from some
authorized board of medical examiners, as provided for in
the act referred to ; and the other, upon which the accused
was tried, is set out in the information as follows : " And
the said Antle did then and there engage in the practise of
medicine, without having first furnished to the clerk of the
District Court of said Caldwell County his certificate of
qualification, said county being then and there the county
in which said Antle did then and there reside ; " and fol-
lowing with negative averments that the accused was not
within the proviso appended to the fifth section of the act,
as to whom it is declared the act does not apply.

No question is raised as to whether the information con-
tains two counts or not. It is shown by the record that it
was treated as embracing two distinct counts, and in the
judgment-entry it is recited that " the county attorney
elected to try defendant upon the second count in the infor-
mation ; " and, from aught that can be gathered from the
record of the case, this election was acquiesced in by the
accused and the court.

A motion in arrest of judgment calls in question the suf-
ficiency of the information, in which it is claimed that it does
not charge that any offence against the law has been com-
mitted by the defendant, and that the information " does
not specify or mention the particular branch or department
of medicine in which defendant practised ; " and, further, it
is insisted that the offence is not set forth in plain and intel-
ligible language. The motion in arrest of judgment was
overruled, and the ruling of the court on the motion is
assigned as error. The question thus raised, going as it
does to the foundation of this prosecution, seems to demand

attention first, inasmuch as upon its determination the importance and materiality of the other questions presented will in a great degree depend.

The general rule, as laid down in *The State* v. *West*, 10 Texas, 553, and cited with approval by this court in *Hart* v. *The State*, 2 Texas Ct. App. 39, and believed to be correct, is, that in indictments for offences created by statute, it is generally sufficient that the indictment, in setting out the offence, follows the exact words of the statute in describing the offence. But it is said that there is an exception to this general rule " when the statute uses generic terms, in which case it is necessary to state the species according to the truth of the case ; and when the subject of the indictment cannot be brought within the meaning of the statute without the aid of extrinsic evidence, it is necessary, besides charging the offence in the words of the statute, to aver such facts and circumstances as may be necessary to bring the matter within the meaning of it." West's case, referred to above, and authorities there cited.

"As a general rule, it is sufficiently certain to describe an offence in an indictment in the language of the act creating the offence ; but there are cases where more particularity is required, either from the obvious intention of the Legislature or from the application of the known principles of law." *White* v. *The State*, 3 Texas Ct. App. 605, where several authorities are cited. For example, when the value of a stolen article affects the penalty for the offence, the value of the property must be averred and proved in order to assess the proper punishment. *Meyer* v. *The State*, 4 Texas Ct. App. 121, and authorities there cited. These rules apply as well to informations as to indictments. As a general rule, the same particularity is required in each. Code Cr. Proc., arts. 395, 403 (Pasc. Dig., arts. 2863, 2870).

The portion of the act the information charges to have been violated is as follows : " That every person who may

hereafter engage in the practise of medicine, in any of its branches or departments, in this State, shall, before entering upon such practice, furnish to the clerk of the District Court of the county in which such practitioner may reside or sojourn, his certificate of qualification." Sect. 2. In the fifth section the penalty for violating any of the provisions of the act is fixed at not less than $50 nor more than $500, and it is graded as a misdemeanor.

We are of opinion the information charges the offence in substantially the language of the statute which creates the offence ; that it is sufficient to charge that the accused did " practise medicine," and that it is not required that the particular branch or department of medicine should be set out in the information ; that, the indictment or information charging the " practise of medicine," it would be supported by proof of engaging in the practise of medicine in any of its branches or departments, the act being otherwise unlawful.

The information is not liable to any of the other objections mentioned in the motion in arrest of judgment. On the contrary, it is, under a proper application of the authorities above cited, sufficient to support a conviction. If it is contended that the information should have negatived the exceptions in the provisos to the fifth section, it is sufficient to say that this appears to have been attempted ; and whether sufficiently done, or not, is of no consequence, for the reason that, in heretofore construing this act, after careful consideration, it was held, and, we still believe, correctly, " that any act which would violate the provisions of the statute could be set out substantially in the language of the act, without noticing the matter contained in those provisos," and that an information or an indictment need not negative by averment the matters contained therein ; that those were properly matters of defence, and provable under the plea of not guilty. *Blasdell* v. *The State*, 5 Texas Ct. App. 263 ; *Logan* v. *The State*, 5

Texas Ct. App. 306; *Smith* v. *The State*, 5 Texas Ct. App. 319. We are of opinion there was no error in overruling the motion in arrest of judgment.

The next subject claiming attention is the charge of the court. The court refused to charge the jury as requested by counsel for the defendant, as follows: "A person who was attending a single case cannot be adjudged guilty, under the law, of practising medicine, even though he held and filed no certificate, as required by the law." We are of opinion the court did not err in refusing to give this instruction, for two reasons: first, it was not applicable to the evidence; and, secondly, it does not give such an interpretation and application of the law as we deem correct. Bearing in mind that the violation charged in the information is the engaging in the practise of medicine without having furnished the clerk with a certificate of qualification, we are of opinion that proof of one act in violation of the statute would be sufficient to support a conviction, the proof being in other respects sufficient, — as, that he held himself out to the community in which he lived or sojourned, as a physician, and the like. As to the general charge, it seems to have been entirely satisfactory, except as to the subject set out in the special charge copied above. No other charges were asked on either side, and no necessity for any is perceived.

With reference to the several subjects mentioned in the several bills of exception taken to the rulings of the court upon the evidence, we are of opinion that they in the main amount to mere irregularities, and are not of sufficient importance to require special consideration, or warrant a reversal of the judgment, when considered in the light of the whole testimony disclosed by the statement of facts, and which is sufficient to support both the charge and the verdict. Whilst it is true, as contended by appellant's counsel, that generally the State is not permitted to put in issue the general character of one accused of crime, this

rule does not apply when the question is, as in the present case, as to the character he assumed, or in which he held himself out to the public, and it became of moment.

We find no such error as would warrant a reversal of the judgment. The accused is shown by the record, notwithstanding an able defence, to have been fairly tried and legally convicted of a violation of one of the material provisions of the law, and which was enacted for the evident purpose of affording the general public some means of protection against imposition at the hands of those who would practise a profession requiring proper study and preparation before engaging in it.

The judgment of the County Court is affirmed.

*Affirmed.*