## Mark Welsh v. The State.

Where a motion for a new trial is founded on the fact that the party was surprised by the testimony of a witness, and that the witness's testimony can be successfully contradicted on another trial, the affidavit of the opposing witnesses must be produced, or good cause must be shown for the failure to produce them.

Where the defendant was indicted for knowingly and wilfully cutting and carrying away trees on the land of another without his consent, (Hart. Dig. Art. 493,) and the Court below charged the jury that " knowingly " and " wilfully " were, in law, synonymous terms, and that the defendant was guilty, if he did the act " knowingly," it was held there was no error.

Where a defendant is indicted for cutting timber, under the statute, (Hart. Dig. Art. 493,) it is for him to show that he had the consent of the owner.

Where a defendant is indicted for cutting timber, under the statute, (Hart. Dig. Art. 493,) his admissions, made at the time of the cutting, are sufficient proof of the ownership of the land.

Where a defendant is indicted for cutting down and carrying away timber, under

the statute, (Hart. Dig. Art. 493,) he may be convicted if either the cutting down or carrying away is proved.

Where the defendant in an indictment requested the Court to charge the jury, that they had a right, from the manner and position of a witness, giving testimony before them, to attach whatever credit they might think proper, to his statements, it was held that the charge was too vague and uncertain, and was therefore properly refused.

Appeal from Walker. Welsh was indicted jointly with one Denman for knowingly and wilfully cutting down and carrying away, trees upon the land of William Taylor, without first having the consent of William Taylor, contrary to the form of the statute, &c. Only one witness was examined; being introduced by the State, he testified that he was present when timber was cut by the defendant Mark Welsh, and James Shannon, on land which they, at the time, said was the land of Wm. Taylor, and they showed him the line; did not see Denman cut any timber; it was in 1852; in Walker county; on cross-examination: Welsh did not say, the land was claimed by Taylor, but in fact belonged to him, Welsh; had bought from Taylor a part of the land claimed by him, but not the part upon which the timber was cut; Denman said he cut the timber to try the validity of Taylor's claim to the land, in a civil suit; defendant said the land was Taylor's. There was a bill of exceptions, which stated, that when the witness was asked what he heard the defendants say, at the time the timber was cut, about the land belonging to Wm. Taylor, the defendants, by their counsel, objected, and the objection was overruled, to which, &c. The following instructions were asked by the defendants, and refused by the Court:

" That before they can find the defendants guilty, the testi-
" mony must show to the satisfaction of the jury, that the
" trees were cut down without the consent of Wm. Taylor."

" That parol evidence is ſinadmissible to prove the owner-
" ship of land in a proceeding of this character, where there is
" written evidence of the ownership."

" That they have a right, from the manner and position of

46

" a witness, giving in testimony before them, to attach what-
" ever credit they may think proper, to his statements."

" After which the Court instructed the jury, that the terms
" ' knowingly' and 'wilfully' are, in law, synonymous terms."
The Court also charged the jury, as follows: " If you believe
" from the evidence, that the defendants or either of them,
" knowingly cut down trees upon the land of Wm. Taylor,
" in Walker county, within twelve months previous to the find-
" ing of the bill of indictment, without the consent of the
" owner, it is your duty to find him or them, so offending,
" guilty; otherwise, not guilty. The indictment charges the
" defendants with both cutting down and carrying away trees
" from the land in question; but proof of either cutting down
" or carrying away is sufficient, under the law, as either is an
" offence. The State is not bound to prove that the de-
" fendants did not have the consent of Taylor; it is matter of.
" defence, to show that such consent was given by Wm. Tay-
" lor; and to avoid a conviction upon such grounds, the de-
" fendant must prove that such consent was given. The ex-
" hibition of title deeds, to prove the ownership of the land in
" controversy, in a proceeding of this kind, is not required by
" law: parol evidence of ownership is sufficient."

There was a verdict against Welsh and in favor of Denman.
Welsh moved for a new trial, the grounds of which will be
found in the opinion. The surprise alleged, was at the tes-
timony of the witness for the prosecution, that Welsh said the
land belonged to Taylor; the defendant swearing he could
prove by three witnesses, who were present, including Den-
man, his co-defendant, that his remark was that the land was
claimed by Taylor.

The errors assigned were: 1st. In refusing to give the
charges asked; in the charges given; overruling motion for
a new trial; in admitting the testimouy " spoken of in the
bill of exceptions."

*W. A. Leigh*, for appellant. Surprise, occasioned by the

swearing of a witness, to facts which the parties against whom he was called, would not suppose or believe he would swear, will be sufficient ground on which to grant a new trial. (See Bacon's Abridgment, 9 Vol. p. 623 and the authority there referred to.) The interest, infirmity, bias, partial, perverted views of facts, veracity and turpitude of witnesses, all pass in review before the Court, on a motion for new trial. (See Bouvier's Law Dic. 2 Vol. p. 201.)

In an indictment for feloniously setting fire to a house to defraud the insurers, the policy itself is the appropriate evidence of the fact of insurence, and must be produced.

The fact that in such cases the writing is in the possession of the adverse party, does not change its character. (See, Greenl. Ev. p. 164, 165.)

The words " knowingly and wilfully," are not synonymous terms, as charged by the Court.

The word " wilfully " has been held to be tantamount to the word " maliciously." (See 5 Whart. p. 427.)

The word " knowingly," in this cause, only means that when the appellant cut the timber, he knew the fact that the land was Taylor's. (See Bouvier's definition.)

After the evidence is put to the jury, it is entirely within their power to give to it such credit as it deserves. (See 1 Greenl. Sec. 160.)

*Attorney General*, for appellee. I. The appellant's first position is so entirely at war with established principle, that I should not have deemed it worthy of a moment's consideration, but for the authority cited by appellant in support of it. Upon looking into that authority, however, the difficulty is solved. We are referred to 9 Bacon's Abridgment, p. 623, Title TRIAL, American Additions, under the head of Surprise, where we find appellant's citation, in so many words, referring for its support, to Miller v. Field, 3 Marsh. (A. K. Marshall,) 109 and 110 ; when we come to this fountain head, we have a common case of new trial granted on the affidavits of the

party, of newly discovered evidence, and of the newly discovered witnesses. The editor of the edition of Bacon referred to, asserts a false doctrine, by stopping just before these words : "When the affidavits of the newly discovered wit- "nesses are porduced, and show beyond the possibility of a "doubt, that the statements of the witnesses can be contra- "dicted," &c. In the same Title of Bacon, will be found abundant authority against this dictum, and especially a reference to 3 Haywood, 145, for the doctrine that an application for a new trial on the ground of surprise, should be supported by "indifferent testimony."

II. The admission of parol evidence that the land on which, &c., was Wm. Taylor's. What writing could prove, that the land was not defendant's "own?" the fact to be established on this point. To prove property in arson and burglary—which, in this particular, resemble this offence more than any other—proof of possession is usually the mode employed ; and no one ever heard of a resort to paper evidence of title for such purpose. No evidence of this fact could be more certain, than the offender's admission, at least *prima facie.* The position contended for by appellant would convert a prosecution for this offence, into an action of trespass to try title.

III. "That the Court erred in saying that the words 'know- "ingly' and 'wilfully,' as used in this statute, are synony- "mous terms."

This is, at most, a mere matter of verbal criticism—a mere abstraction—which could by no possibility have influenced the jury, in coming to their conclusion on the testimony in this case ; for nothing is clearer, than that the admission of Welsh, that he "was cutting timber on Taylor's land" evidenced that he "knowingly" and "wilfully" cut timber on land "not his own." The admission, being made at the time he was doing the act, shows his knowledge and will in the sense of the statute. Mr. Bouvier defines "wilfully" to be "intentionally," that is, in the exercise of the will, not inadvertently, in ignorance of what the actor is doing, or by mistake. Now,

as a matter of criticism, is the Judge right or wrong in saying that a man who wilfully cuts timber on land of another must know that he is cutting timber on land "not his own?" or that the man who knowingly cuts timber on land "not his own" must will or intend to do so, if he be in his senses? In other words, his Honor meant that either of these words performed the office of both, in reference to the proof under this statute, i. e. repelled the idea of ignorance of what the party was doing, of accident, or mistake; cutting timber being the act in question. And was he wrong, or if so, did, or could the error do any harm to appellant under the proof in this cause? This charge was doubtless called out by defendant's erroneously insisting below, as he does here, that "wilfully" is equivalent to "maliciously," for which he refers to 3 Whart. 427; and it does not sustain his citation. He finds this reference in Bouvier's Law Dic. title "WILFULLY," where it will be found simply to announce the proposition that "maliciously" being the more comprehensive term, includes "wilfully," but not *vice versa*.

LIPSCOMB, J. The defendant in the Court below, who is the appellant in this Court, was indicted, with another, for wilfully and knowingly cutting down and carrying away trees, upon the land of Wm. Taylor, not being the land of them, the said Denman and Welsh, without having the consent of William Taylor, contrary to the form of the statute. This indictment was framed under the statute of 20th March, 1848. (Hart. Dig. Art. 493, 494.) The appellant was convicted, and his co-defendant Denman acquitted, and judgment rendered against him, and a motion for a new trial overruled. The defendant appealed to this Court.

The first ground of error assigned and brought to our consideration, is the overruling the motion for a new trial. The ground upon which the motion for a new trial was rested, is surprise at the evidence of the witness for the prosecution, being altogether different from what it was believed it could

possibly be.   It is supported by the single affidavit of the appellant, that the facts, sworn to by the witness, are not true, and that their untruth can be proven by three witnesses residing in the county of Walker.   The affidavits of these persons, referred to, were not submitted, showing that they would testify to those facts being different from what the witness for the prosecution had testified to ; nor is there any reason why such affidavits were not produced.   The affidavit shows that the persons referred to lived in the county, and one of them was the co-defendant who had been acquitted, in this case.   The rule is well established in this Court, and believed generally to prevail in all Courts, that on a motion for a new trial, upon the ground of newly discovered evidence, the motion should be supported by the affidavit of the persons referred to as witnesses, by whom the facts relied on can be proven, or good reason should be shown why it was out of the power of the applicant to procure their affidavits.   For the reason that this was not done, the motion was very properly overruled.

Whether the criticism on the language of the Judge, in saying in his charge, that the words " knowingly and wilfully" are in law synonymous, be just as a question of philology, is of no sort of consequence in this case, because the indictment follows the precise words of the statute, and that is entirely sufficient. (State v. West, 10 Tex. R. 554.)   The case just cited was an indictment for cutting and removing a land-mark under Art. 386, Hart. Dig.; the indictment pursued the words of the statute ; and on motion it was quashed, because it did not allege that the stake or corner tree, was marked as a corner tree or boundary line, or that the defendant knew them or either of them to be such corner or boundary lines.   The judgment of the Court was reversed, on an appeal ; and we say that it is a general rule, that it is sufficient that indictments follow the language of the statute : we rule too, " that such land-" marks are supposed to be alike open to the observation and " knowledge of all men, and if a man destroys them, it must " be presumed to have been done knowingly and intentionally.

"If it was not so done, but was through inadvertence, ac-"cident or mistake, that would be matter of defence, that "must come from the defendant, and need not be anticipated "or stated in the indictment." If then, the defendant had the consent of the ownêr, or had inadvertently cut the trees on the land of Taylor, it was a matter of defence. The statement of facts shows that it was proven on the trial, that the appellant admitted he was cutting timber from the land of Taylor, without his consent.

It was not necessary for the State to prove Taylor's title to the land ; because it was admitted by the appellant. The objection, that the Court below refused to charge the jury, that they had a right, from the manner and position of a witness giving testimony before them, to attach whatever credit they might think proper to his statements, is too vague and uncertain, and was therefore properly overruled. The judgment is affirmed.

Judgment affirmed.