THE STATE v. WUPPERMAN.

In an indictment for an offence created by statute, though it is not in general necessary to follow the exact words of the statute descriptive of the offence, yet where a word not in the statute is substituted for one that is, the word thus substituted must be equivalent to the word used in the statute, or (if restrictive of general words used in the same connection) of a more extensive signification than it, and include it, or it will not be sufficient.

Where an indictment under the statute prohibiting the purchase of produce from a slave "without the written consent of his or her master or mistress or overseer," charged that the defendant bought the produce of the slave, "the property of one Andrew Herron," "without first having the written consent of said Herron, or any one having charge of said slave," it was held insufficient.

Appeal from Guadalupe.

*Attorney General,* for appellant.

WHEELER, J. The defendant was indicted under the second Section of the Act concerning slaves, (Dig. Art. 2558,) which prohibits the buying of any produce of a slave "without the written consent of his or her master, or mistress or "overseer." The indictment charges that the defendant bought the produce of the slave, "the property of one Andrew Herron," "without first having the written consent of said

Herron, or any one having charge of said slave." There was a motion to quash the indictment on the ground that it did not pursue the statute in its description of the offence; which the Court sustained. It is a familiar principle that in indictments for offences created by statute, where the offence consists of the commission or omission of certain acts, under certain circumstances, the indictment must, with certainty and precision, charge the defendant with having committed or omitted the acts, under the circumstances mentioned in the statute. And though it is not in general necessary to follow the exact words of the statute, yet where a word not in the statute is substituted in the indictment for one that is, the word thus substituted must be equivalent to the word used in the statute, or of a more extensive signification than it, and include it, or it will not be sufficient. (Arch. Cr. Pl. Indict's on offences created by statutes.) In the present case, it might admit of question as to what precise meaning is to be attached to the words "having charge of," employed in the indictment. A person may be said to have charge of a negro in various senses; as owner, hirer, overseer, or as having some agency representing him not properly included in the terms employed by the statute; so that there may be senses in which these words may be used, even more comprehensive than the words used in the statute. But they may also be employed in a more limited sense. Thus the overseer having the management and control of a negro, may be said properly to have charge of him for the time being, instead of the "master or mistress," as descriptive of the owner. And yet it will not be denied that the consent of the latter would protect the purchaser, though the owner had an overseer employed having charge of his negroes; and the master or mistress, as descriptive of the owner for the time, could not be said properly to have charge of the negroes. It is obvious, therefore, that the words substituted in the indictment for those employed in the statute may be variously used with a more extended or more limited signification. They have not a precise and

certain meaning equivalent to that of the words used in the statute; nor can they be said certainly and invariably to have a more extensive signification than those words and to include them. They do not, therfore, come within the rule, which, we have seen, must be observed, where other words are substituted by the pleader, for those employed in the statute creating and defining the offence. When the statute is thus explicit in designating the particular person whose consent must be obtained, to protect him who deals with a slave, it would be unsafe to sanction any material departure from, or the employment of any substitute for the words used as intended. In such a case especially, it is much safer to pursue strictly the words of the statute, as no others can so properly describe the offence, and as it precludes all question about the meaning of the expressions used; and because a departure from the statute in any material respect, the omission to state all the circumstances which constitute the definition of the offence, with certainty and precision, so as to bring the defendant precisely within it, will vitiate the indictment. We are of opinion that the Court did not err in sustaining the motion to quash the indictment, and that the judgment be affirmed.

Judgment affirmed.