## E. A. HART *v.* THE STATE.

1. RECOGNIZANCE.—As a general rule, a recognizance for an appeal should, in designating or setting out the offense charged, follow the exact language used in the indictment. See this case for a recognizance held bad because it uses the disjunctive *or* in place of the conjunctive *and,* used in the indictment.

2. INDICTMENT—RECOGNIZANCE. — Though in general an indictment, in charging an offense, may follow the words of the statute defining it, yet an exception to this rule exists when the statute makes it criminal to do this *or* that, mentioning several things disjunctively; in which case the indictment, if it embrace all the prohibited acts, must use the conjunction *and* wherever the disjunctive *or* is used in the statute, else it will be bad for uncertainty. And in such a case the recognizance for an appeal must follow the indictment, not the statute. If, however, the disjunctive *or* is used in the statute merely to introduce an explanatory or equivalent clause, the indictment and recognizance may use it in the same sense.

3. RECOGNIZANCE.—Officers and clerks, in taking and recording recognizances on appeals, should inspect and follow the form prescribed in the act of April 27, 1871. 2 Pasc. Dig., Art. 6599.

APPEAL from the County Court of Montague. Tried below before the Hon. JOHN G. QUIGLEY, County Judge.

The case is stated in the opinion of the court.

*John H. Stephens*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J. The assistant attorney general moves to dismiss the appeal in this case, because, 1st, the recognizance does not state the offense with which the cognizor is charged; and, 2d, the recognizance does not show that the defendant is charged with an offense known to the law.

The indictment is brought under the 27th section of an act entitled "An act regulating elections," approved March 31, 1873, and found in the pamphlet laws of the thirteenth legislature, at page 28. The section referred to, amongst its other provisions, provides that " it shall be unlawful for any person or persons, or firm, to sell, barter, or give away any vinous, spirituous, malt, or intoxicating liquor within the limits of the county within which such election is being held during the day thereof," etc.

The indictment charges that defendant " willfully, unlawfully, and wrongfully, on the fifteenth day of February, 1876, said day being then and there a day of general election for county and state officers, and said election being then and there lawfully held, did then and there sell, barter, and give away to E. B. George one drink of whisky, said whisky being then and there intoxicating liquor," etc.

The 2d and 3d subdivisions of the statute prescribing the requisites to a recognizance are: " 2, that it state the name of the offense with which the defendant is charged; and, 3, that it appears by the recognizance that the defendant is accused of an offense against the laws of this state."

As a general rule, under this 2d subdivision, the name of the offense, or the offense itself, if attempted to be set out, should be stated in the recognizance in exactly the language used in the indictment.

The recognizance in this case states that the defendant is charged in the indictment with " selling, bartering, *or* giving away whisky on a day of general election." This does not state the offense as stated in the indictment, the disjunctive conjunction *or* being substituted instead of the conjunctive *and*, as used in the indictment. Had the offense been stated in the indictment as it is thus set out in the recognizance, the indictment would have been fatally defective, and could not have sustained a judgment of conviction. It follows that, if the charge would not have been good in the indictment, it cannot be good in the recognizance.

We have in this instance a singular anomaly. The rule is well established that, " in an indictment for an offense created by statute, it is in general sufficient to follow the words of the statute in describing the offense." *The State* v. *West*, 10 Texas, 555; *Welsh* v. *The State*, 11 Texas, 368; *The State* v. *Warren*, 13 Texas, 46. And in *Juaraqui* y. *The State*, 28 Texas, 625, it was said by Wheeler, C. J., that " it is always safer to use [in the indictment] those words which the legislature has deemed most appropriate to describe the offense than to undertake to substitute others of equivalent meaning." Now, the indictment in this case uses, as stated above, the conjunctive *and* instead of the disjunctive *or*, as used in the statute, and the recognizance, following the statute, uses the disjunctive *or;* and yet the indictment in this respect is good, and the recognizance is fatally defective.

The rule is thus stated by Willie, J., in *Phillips* v. *The State:* " The indictment charges conjunctively acts constituting the offense which are stated disjunctively in the statute. This is always proper and allowable where a statute makes two or more distinct acts connected with the

same transaction indictable, each one of which may be considered as representing a stage in the same offense. Thus it is proper to charge in the same count that a defendant set up a gaming-table, and also that he kept a gaming-table and induced others to bet upon it, although these are distinct offenses. Whart. Cr. Law, 141 ; *Hinkle* v. *Com.* 4 Dana, 518. ` And, where a statute used the disjunctive language 'burned, or caused to be burned,' and the indictment charged the offense in the conjunctive 'burned, and caused to be burned,' the allegation was held sufficient. Whart. Cr. Law, 135 ; *The State* v. *Price*, 6 Halst. 215 ; 3 Chitty's Cr. Jur. 1053, 1054,. 1056, 1057 ; Archb. Cr. Pl. 25, 189, 202, 343 ; Stark. 271." 29 Texas, 233 ; see, also, *Lancaster* v. *The State*,. 43 Texas, 519.

The whole subject is most thoroughly discussed in Mr. Bishop's standard work on Criminal Procedure, 2d ed., vol. 1, sec. 585 to 592, inclusive. In section 585 he says : "It is an established rule, in respect to the statement of the offense in the indictment, that, in the language of Chitty,. 'it must not be stated in the disjunctive, so as to leave it uncertain what is really intended to be relied upon as the accusation. Thus an indictment stating that the defendant murdered, *or* caused to be murdered, or that he murdered *or* wounded, is bad, because uncertain.' *  *  *

"Sec. 586. A common application of this doctrine occurs,. as already observed, in indictments upon statutes. There,. if a statute makes it a crime to do this or that, mentioning several things disjunctively, the indictment may, indeed, as. a general rule, embrace the whole in a single count ; but it must use the conjunction '*and*' where '*or*' occurs in the statute, else it will be defective as being uncertain."

There are exceptions to this rule, and some of these exceptions are noted by the same learned author in sections 590, 591. The exception is thus stated by Metcalf, J. :

"When the word 'or,' in a statute, is used in the sense of 'to wit'—that is, in explanation of what precedes, and making it signify the same thing—a complaint or indictment which adopts the words of the statute is well framed."

Again, in his celebrated work on Statutory Crimes, he says "that every case against a defendant must come within all the words of the statute. But this proposition, let us here add, is subject to the qualification that, if there are independent clauses connected by the conjunction 'or,' no more need be done than to satisfy one of the alternatives. In such circumstances the indictment either sets out the offense as covered by all the clauses—usually connecting the parts of the allegation by the conjunction *and*, where *or* is found in the statute—or it states only what falls within one clause, at the election of the pleader; and, whichever form is adopted, the proof need cover only so much of the allegation as constitutes a complete offense." Bishop's Stat. Cr., sec. 244.

Viewed in the light of these authorities, the recognizance in this case is fatally defective in stating no offense upon which the defendant could have been tried and convicted; and the motion to dismiss the appeal will have to be sustained.

The transcript in this case is not fastened as the law directs, to-wit, that they "must be fastened together at the upper end with tape, and sealed over the tie with the seal of the court." 2 Pasc. Dig., Art. 6201.

The form of the recognizance in this case is not as good or concise as the one provided by statute. See 2 Pasc. Dig., Art. 6599 (Acts 1871, 2d session, p. 61). Officers taking, and clerks in writing out and recording, a recognizance would do well always to have this form before them, and to follow it; there would then be less danger of error or omission in any material matter essential to its validity.

For the reasons above stated the motion of the assistant attorney general is sustained, and the appeal in this case is dismissed.

*Dismissed.*