## J. CALDWELL *v.* THE STATE.

1. UNLAWFUL HERDING OF STOCK.—The act of 1873, "to prevent the herding of stock on certain lands," declares it unlawful, under certain circumstances, to herd any "*drove* of horses or cattle," etc. *Held*, that an information is not defective because it describes the stock as "fifty head of cattle," instead of calling them a *drove* of cattle, etc.; nor because it fails to allege who owns the land—it being sufficient to charge that the accused is not the owner.

2. SAME.—The said act does not require that the "resident," whose protection is one of its objects, must be the owner of his residence, or that the information shall allege him to be such owner.

3. BILL OF EXCEPTIONS.—A recital in a judgment entry that the "defendant excepts" to a ruling of the court below is not tantamount to a bill of exceptions.

APPEAL from the County Court of Clay. Tried below before the Hon. W. B. PLEMONS, County Judge.

No brief for the appellant.

*H. H. Boone*, Attorney General, and *W. B. Dunham*, for the State.

WINKLER, J.   The appellant was tried and convicted, in the county court of Clay county, on an information which charges " that James Caldwell, late of said county, on September 4, A. D. 1876, with force and arms, in the county of Clay, and state aforesaid, within one-half of a mile of the residence of the said I. H. Stroud, a resident of this state, did unlawfully, willfully, and maliciously herd fifty head of cattle on land not his own, but the land of some other person, without the consent of the owner of said land, after first having been requested by the said I. H. Stroud to remove said cattle off of said lands, and has ever since failed, refused, and neglected to remove said cattle off of said lands for the space of four hundred and sixteen hours, to wit, from the said 4th day of September,

A. D. 1876, to the 23d day of September, A. D. 1876,"
with proper form of commencement and conclusion.

The accused moved the court to quash the information on
the following grounds:

"1st. That it does not charge that the defendant did
unlawfully, willfully, and maliciously herd a drove of fifty
head of cattle, etc.

"2d. That it does not allege or state the name of the
owner of the land on which said cattle are charged to have
been herded."

The act of the legislature, approved June 2, 1873, enti-
tled "An act to prevent the herding of stock on certain
lands therein named," provides "that hereafter it shall not
be lawful for any person or persons to herd any drove of
horses or cattle, numbering more than twenty-five head,
upon any land in this state not his own, situated within one-
half mile of the residence of any resident of this state,
without the consent of the owner of said land.

"Sec. 2.    That whenever any person so unlawfully herd-
ing horses or cattle shall be requested by any resident
of this state, residing within one-half mile of the place where
such stock are being so unlawfully herded, to remove the
same from such land, and shall fail, refuse, or neglect to
remove such stock at once, shall be deemed guilty of a mis-
demeanor, and, upon conviction thereof before any court in
this state of competent jurisdiction, shall be fined in any
sum not exceeding $100 for each hour of delay after notice
given."

The object had in view by the legislature may, perhaps,
have been partly to prevent one person from grazing his
herds of stock upon the lands and pasturage of another; but
it must be evident from the whole tenor of the act that at
least one, if not the main, object of the statute was to pro-
tect the residences of the citizens from the vexations and
annoyances, as well as the damages, likely to result from the

presence of large herds of cattle or horses in the immediate vicinity of such residences.

The limit fixed by the law within which it is made unlawful for one to graze his herds is fixed at a distance of one-half mile of the residence of any resident of this state. The number fixed by the law is any number exceeding *twenty-five head.* The places where it is unlawful to herd such stock in such number is, as above stated, anywhere within one-half mile of the residence of another, unless the owner of the stock so herded be also the owner of the land. The law would not punish one who owns both stock and land from herding upon it, even though it be within the distance prescribed. The act, however, does not appear to contemplate that the *resident* mentioned in the statute must be the owner of the land upon which he resides, to entitle him to its protection.

The 1st objection raised to the information, to wit, "that it does not charge that the defendant did unlawfully, willfully, and maliciously herd a drove of fifty head of cattle," etc., is not sustained by the record. The information *does* charge that the defendant *did willfully, maliciously, and unlawfully herd "fifty cattle,"* etc., which is believed to be all the law requires on that subject.

The 2d objection to the information is equally untenable, for the reason, as we have said above, the law does not require that the resident must be the owner of the land, to be entitled to its protection. It is sufficient that the land does not belong to the owner of the stock.

For aught that we have discovered, the information in this case meets the requirements of the Code of Criminal Procedure, Article 403 (Pasc. Dig., Art. 2870), which furnishes the rules by which the sufficiency of the information must be tested.

In charging offenses created by statute it is generally sufficient to charge the offense as it is described in the statute. *The State* v. *West,* 10 Texas, 555 ; *Welsh* v. *The State,*

11 Texas, 368 ; *The State* v. *Warren*, 13 Texas, 46. It is not necessary to employ the exact language of the statute. *The State* v. *Wupperman*, 13 Texas, 33.

There are neither bills of exception nor an assignment of errors in the record. The appellant perhaps intended to take a bill of exceptions to the ruling of the court below in refusing a new trial, as an exception is noted in the record, which is not sufficient. We see no error, however, in the ruling. We are of the opinion the accused has had a fair and legal trial, and that the evidence is amply sufficient to support the verdict and the judgment thereon rendered. The judgment herein is, therefore, affirmed.

*Affirmed.*