*Reversed and remanded.*

[Opinion delivered November 19, 1884.]

---

[No. 1855.]

## Lou Kerry *v.* The State.

1. **Examining Courts — Jurisdiction of Justices of the Peace.—** A justice of the peace is a "magistrate," and when he sits for the purpose of inquiring into a criminal accusation against any person, he sits not as a justice of the peace, but as a magistrate, and the court which he then holds is not a justice's, but an "examining court."   When holding such a court, his functions as a magistrate are the same as those of the judges of the county, district and supreme court or the court of appeals, when they sit as magistrates to hold examining courts; and the same rules govern each.

2. **Same — Practice — Evidence.—** One of the rules governing examining courts is that ".the testimony of each witness examined shall be reduced to writing

Syllabus.

by the magistrate or some one acting under his direction, and shall be read over to the witness, or he may read it over himself, and such corrections shall be made in the same as the witness may direct, and he shall then sign the same by affixing his name or mark. All the testimony thus taken shall be certified to by the magistrate taking the same."

3. SAME.— After all the testimony before an examining court has been taken in the manner specified, it becomes the duty of the magistrate to certify to it in connection with "all the proceedings had before him, and transmit them, sealed up, to the court before which the defendant is subject to be tried upon indictment or information, writing his name across the seals of the envelope containing the proceedings. The voluntary statement of the defendant, the testimony of the witnesses, and all and every other proceeding in the case. shall be delivered to the clerk of the proper court without delay, and by the said clerk be safely kept and delivered to the foreman of the grand jury."

4. SAME — EVIDENCE — DEPOSITIONS.— Though the State is prohibited by statute (Code of Criminal Procedure, chapter VIII, articles 757 to 772) from taking the depositions of absent witnesses in criminal cases, the defendant is permitted to do so, if he complies with certain specified formalities. Such depositions, at the instance of the defendant, may be taken during the progress of the examining trial before a justice of the peace, sitting as a magistrate; but, when they are to be thus taken before the justice, there must be present any two of the following officers: The county judge, notary public, clerk of the district court and clerk of the county court. It is further provided that, when a deposition is taken in an examining court, it shall be sealed up and delivered by the officers, or one of them, to the clerk of the court of the county having jurisdiction to try the offense.

5. SAME.— There is an essential difference in the mode and manner of taking and returning evidence taken on an examining trial, and the taking of depositions for a defendant on such trial. The " evidence " is for the benefit of the State; the deposition for the benefit of the defendant. The former is transmitted to the clerk for the benefit of the grand jury, or of the district or county attorney, as the case may be. The latter is delivered to the clerk for the use of the defendant in case he desires to read it on the trial. The deposition is a separate and distinct matter from the evidence taken by a magistrate on an examining trial, and the rules of procedure and formalities required in the taking are not the same.

6. SAME — INTERPRETATION OF A STATUTE.— Article 774 of the Code of Criminal Procedure reads as follows: " The *deposition* of a witness taken before an examining court or a jury of inquest, and reduced to writing and certified according to law, in cases where the defendant was present, and had the privilege afforded him of cross-examining the witness, may be read in evidence as is provided in the two preceding articles for the reading in evidence of depositions." *Held*, that the use of the word " deposition "— the second word in the article quoted — is a manifest mistake on the part of the revisers of the Code, and was used by them inadvertently for the word " testimony " or the word " evidence."

7. SAME — PREDICATE.— In this case the prosecuting attorney introduced an affidavit to the fact that the prosecuting witness B., whose testimony before a justice sitting as an examining court had been reduced to writing, was out of this State and was a resident of another State. This affidavit was offered as a predicate for the introduction of the said written testimony. *Held*, that the predicate was properly laid.

8. Same — Certificate — Evidence.— Having established his predicate and the identity of the written testimony of the absent witness B., the prosecuting attorney, by consent of the court, and over the objection of the defendant, read the said written testimony in evidence before the jury. The certificate of the justice, sitting as a magistrate holding the examining trial, as appended to the said written testimony, omitting the caption, is as follows: "I, John F. Zinn, justice of the peace, precinct No. 1 of Tarrant county, Texas, hereby certify that the foregoing testimony of Luke Brewer was taken before me, in the presence of the defendants, while sitting as an examining court. This February 7, 1884. (Signed) John F. Zinn, J. P.," etc. The objections urged are, in substance, that the said certificate does not comply with the law regulating depositions in criminal cases, and that a justice of the peace is not an officer authorized to take depositions in a criminal case. *Held*, that the objections are untenable; that the certificate was amply sufficient, because the evidence objected to was not a deposition nor required to be taken and certified with the same formalities as are required for depositions, and because a justice of the peace, as a magistrate, is authorized to hold examining trials and certify his proceedings to the proper court.

9. Theft from the Person — Indictment — Pleading.— It is a general rule of criminal pleading that "everything should be stated in an indictment which it is necessary to prove, but that which it is not necessary to prove need not be stated." In order to constitute the offense of privately stealing from the person, the theft "must be committed without the knowledge of the person from whom the property is taken, or so suddenly as not to allow time to make resistance before the property is carried away." It being necessary to prove one or the other of the modes stated, in order to authorize a conviction for privately stealing from the person, it follows that, in order to charge the offense, the indictment should allege the necessary constituent. See the opinion *in extenso* for an elucidation of the principle, and for an indictment which, though framed in the exact words used in the statute declaring the offense, is *held* insufficient to charge the offense of privately stealing from the person.

Appeal from the District Court of Tarrant. Tried below before the Hon. A. J. Hood.

The appellant in this case was convicted upon an indictment which sought to charge him with privately stealing two silver dollars from the person of one Luke Brewer, in the county of Tarrant, State of Texas, on the 28th day of January, 1884. A term of three years in the penitentiary was awarded him by the jury as punishment.

The evidence for the State tended to show that the money was forcibly taken from the hands of Brewer, so suddenly that he had no time to make resistance.

The questions discussed in the opinion were raised by the defendant in his motions for new trial and in arrest of judgment.

*B. G. Johnson* filed an able brief for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

White, Presiding Judge. A justice of the peace is a "magistrate." (Code Crim. Proc., art. 42.) When a justice sits for the purpose of inquiring into a criminal accusation against any person, he sits not as a justice of the peace but as a magistrate, and the court which he then holds is not a justice's but "an examining court." (Code Crim. Proc., art. 63.) When holding such a court, his functions as a magistrate are the same as those of the judges of the county, district, supreme, or court of appeals, when they sit as magistrates to hold an examining trial. The same rules govern each. (*Hart* v. *The State*, 15 Texas Ct. App., 202.)

One of these rules is that "the testimony of each witness examined shall be reduced to writing by the magistrate or some one under his direction, and shall be read over to the witness, or he may read it over himself, and such corrections shall be made in the same as the witness may direct, and he shall then sign the same by affixing his name or mark. All the testimony thus taken shall be certified to by the magistrate taking the same." (Code Crim. Proc., art. 267.) These are all the formalities required with regard to the taking of such testimony ordinarily, before an examining court. After it is taken, then the magistrate is required to certify to it in connection with "all the proceedings had before him, and transmit them, sealed up, to the court before which the defendant is subject to be tried upon indictment or information, writing his name across the seals of the envelope containing the proceedings. The voluntary statement of the defendant, the testimony of the witnesses, and all and every other proceeding in the case shall be delivered to the clerk of the proper court without delay." (Code Crim. Proc., art. 314.) And these proceedings, thus certified, are to be kept safely by the clerk and delivered by him to the foreman of the grand jury, etc. (Code Crim. Proc., art. 315.) The purpose of this evidence is mainly to furnish information to the grand jury, or to the district or county attorney. But we will see hereafter that this same evidence may, under certain circumstances, be used for other purposes.

Now, in addition to the evidence taken as above on the examining trial, provision is made by statute by which the defendant in a criminal case may take the deposition of a witness. The State is not allowed to take depositions of witnesses in criminal cases. (Code Crim. Proc., chap. VIII, arts. 757 to 772.) Certain formalities are required in the taking of such depositions, and certain offi-

cers alone are authorized to take them. Such depositions at the instance of the defendant may be taken during the progress of the examining trial before a justice sitting as a magistrate. (Code Crim. Proc., art. 757.) But when it is thus sought to take a deposition before a justice, there must be present to take the same any two of the following officers, viz.: The county judge, notary public, clerk of the district court, and clerk of the county court. (Code Crim. Proc., arts. 759–767, 770.)

" A deposition taken in an examining court shall be sealed up and delivered by the officer or officers, or one of them, to the clerk of the court of the county having jurisdiction to try the offense," etc. (Code Crim. Proc., art. 771.)

Thus it will be seen that there is an essential difference in the mode and manner of taking and returning evidence taken on an examining trial and the taking of depositions for a defendant on an examining trial. The " evidence" is for the benefit of the State; the deposition for the benefit of defendant. The former is transmitted to the clerk for the use of the grand jury, the district or county attorney, as the case may be; the latter is delivered to the clerk of the proper court, to be kept by him for the use of the defendant in case he desires to read it on the trial. The deposition is a separate and distinct matter from, and has nothing to do with, the evidence taken by a magistrate on an examining trial. The rules of procedure and formalities required in the taking are not the same.

Article 774 of the Code of Criminal Procedure reads: " The *deposition* of a witness taken before an examining court or a jury of inquest and reduced to writing and certified according to law in cases where the defendant was present when such testimony was taken, and had the privilege afforded him of cross-examining the witness, may be read in evidence as is provided in the two preceding articles for the reading in evidence of depositions." It is most manifest that the word "deposition"— the second word in the article just quoted — is a mistake, and that the word has been used inadvertently by the revisers of the Code for the word "testimony" or " evidence." The subsequent language of the article itself shows this to be the case, and it is put beyond all question by reference to the original act of 1866, from which the article was taken. (2 Pasc. Dig., art. 6605.)

On the trial of the case we are considering the district attorney introduced an affidavit to the fact that the prosecuting witness, Luke Brewer, whose testimony had been taken down in writing before a justice sitting as an examining court, was a resident of the

State of Tennessee, and out of the State of Texas. This affidavit was offered as a predicate under articles 772, 773 and 774 of the Code of Criminal Procedure for the introduction in evidence of the written testimony of the witness Brewer as taken on said examining trial. The predicate was properly laid. (*Evans* v. *The State*, 12 Texas Ct. App., 370; *Pinkney* v. *The State*, 12 Texas Ct. App., 352; *Ballinger* v. *The State*, 11 Texas Ct. App., 323.)

. After this predicate, the prosecution then introduced the justice of the peace who had held the examining trial, and he identified the written testimony taken by him on said trial, and specially the evidence of the absent witness Luke Brewer. The written evidence of Luke Brewer was then read to the jury over the defendant's objections. We copy from the record the justice's heading and certificate to this testimony as follows:

"THE STATE OF TEXAS     |    In the Justice's Court of Precinct
          *vs.*           }         No. 1, Tarrant County, Texas.
LOU KERRY and THOMAS DAVIS. |

"Examining trial of the above defendants on a charge of theft from the person of Luke Brewer, had before John F. Zinn, Esq., a justice of the peace of the said precinct, sitting as an examining magistrate, had on the 7th day of February, A. D. 1884. Luke Brewer, a witness for the State, being duly sworn, testified as follows." (Here follows the testimony of the witness.) After the signature of the witness is the certificate, in these words: "The State of Texas, County of Tarrant. I, John F. Zinn, justice of the peace, precinct No. one of Tarrant county, Texas, certify that the foregoing testimony of Luke Brewer was taken before me in the presence of the defendants while sitting as an examining court, this February 7, 1884.

"JOHN F. ZINN,
        "J. P. Prec. No. 1, T. Co., Texas."

To summarize defendant's objections mainly urged to this certificate, they amount to this: that said certificate does not comply with the law regulating depositions in criminal cases, and that a justice of the peace is not an officer authorized to take depositions in a criminal case. We have seen that such evidence is not a deposition, nor is it required to be taken and certified with the same formalities as are required for depositions. We have also seen that a justice of the peace as a magistrate can hold an examining trial and certify his proceedings to the proper court. Is the certificate in proper and legal form? As we have seen, no special form for the certificate is required by the Code. (Code Crim. Proc., art. 267.) We

are of opinion that the certificate was amply sufficient. (*Evans* v. *The State*, 13 Texas Ct. App., 225; *O'Connell* v. *The State*, 10 Texas Ct. App., 567; *Hart* v. *The State*, 15 Texas Ct. App., 202.) Was the evidence admissible? We think of this there can be no question. (Code Crim. Proc., art. 774; *Guy* v. *The State*, 9 Texas Ct. App., 161; *Davis* v. *The State*, Id., 363; *Ballinger* v. *The State*, 11 Texas Ct. App., 323; *Garcia* v. *The State*, 12 Texas Ct. App., 335; *Hart* v. *The State*, 15 Texas Ct. App., 202; *Johnson* v. *The State*, 1 Texas Ct. App., 333.)

A most serious question is raised upon the sufficiency and validity of the indictment. Defendant's motion to quash and motion in arrest were both overruled. We copy the charging portion of the indictment in these words, viz.: that defendant "with force and arms did unlawfully and fraudulently take, steal and carry away privately from the person of one Luke Brewer two silver dollars, current silver coin of the United States of America, of the value of $1 each, which said silver coin the grand jury cannot more fully describe, then and there the corporeal personal property of said Luke Brewer, from and out of the possession of said owner, without his consent, with intent to deprive said owner of the value of said property, and to appropriate it to the use and benefit of him, the said Lou Kerry; contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State."

The objection urged is that the indictment alleges in general terms the offense of "privately stealing" from the person of another, without setting out the mode or ingredient of the offense. These are the exact statutory words used in declaring the offense in art. 744 of the Penal Code.

The statute expressly defines in the next succeeding context article what circumstances must concur to constitute the offense of theft by "privately stealing" from the person of another. "1. The theft must be from the person; it is not sufficient that the property be merely in the presence of the person from whom it is taken. 2. The theft must be committed without the knowledge of the person from whom the property is taken, or so suddenly as not to allow time to make resistance before the property is carried away. 3. It is only necessary that the property stolen should have gone into the possession of the thief; it need not be carried away in order to complete the offense." (Penal Code, art. 745.) The question is, Is it essential, in charging this crime, that the indictment should allege the mode and manner of its commission; that is, that it was "com-

mitted without the knowledge of the person from whom the property is taken, or so suddenly as not to allow time to make resistance before the property is carried away?" There can be no doubt but that the State must establish the one or other of these two modes as a fact, in order to support the charge by the evidence; because it takes one or the other of these two facts to constitute the crime. With regard to criminal pleading our statute declares as a general rule that "everything should be stated in an indictment which it is necessary to prove, but that which it is not necessary to prove need not to be stated." (Code Crim. Proc., art. 421.)

Mr. Bishop says: "The omission of any fact or circumstance necessary to the constitution of the offense — in other words made by law essential to the punishment — renders the indictment bad." (2 Bish. Crim. Proc., 3d ed., § 325.) Again says the same author: "As a rule for the indictment it is that every fact in law essential to the punishment shall be *plainly* and distinctly stated in terms sufficiently minute and technical to identify the offense and the offender." (*Id.*) "But, how far need the allegation descend into detail? It should, as far as may be, identify the particular transaction, and thus become specific in a manner to give the defendant all reasonable notice of what is to be produced against him." (*Id.*, § 526; *Williams* v. *The State*, 12 Texas Ct. App., 395; *Huntsman* v. *The State*, 12 Texas Ct. App., 619.)

"The general rule in criminal pleading is that if an offense may be committed in various modes, the party charged is entitled to have that mode stated in the indictment which is proven at the trial; and when a mode is stated and proof of the commission of the offense by a different mode is offered, such evidence is incompetent by reason of variance." (*Kennedy* v. *The State*, 9 Texas Ct. App., 403; 2 Am. Crim. Rep. (Hawley), 612.)

In setting out a statute offense, it is in general sufficient to describe it in the very words of the statute, because ordinarily no allegation of anything more than the words of the statute necessarily import is required in order to show that the statute offense has been committed by the defendant. (Clark's Crim. Law of Texas, pp. 419–20, and note, § 7.) But there are many exceptions to this general rule. As, for instance, "if extrinsic facts be necessary to bring the act within the statute, they must be averred." (*Burch* v. *The State*, 1 Texas, 608; *West* v. *The State*, 10 Texas, 553; *Brewer* v. *The State*, 5 Texas Ct. App., 248; *Vaughn* v. *The State*, 9 Texas Ct. App., 563.) And if a penalty be denounced for the commission or omission of an act under certain circumstances, the indictment

must charge the commission or omission under the circumstances specified. (*State* v. *Wupperman*, 13 Texas, 33.) *And if a statute creates an offense composed of different constituents, each constituent being in itself an offense, the indictment must specify the particular constituents relied on, with accuracy.* (*State* v. *Williams*, 14 Texas, 98.)

"According to the rule of pleading as laid down in Hawkins's Pleas of the Crown, it is not 'always sufficient to pursue the very words of the statute unless by so doing you fully, directly and expressly allege the fact in the doing or not doing whereof the offense consists, without any the least uncertainty or ambiguity.' (2 Hawk. P. C., ch. 25, § 111.) A statute must often use general terms and comprehensive descriptions; whereas an indictment requires certainty in charging the offense so specifically as to give the party notice of what he is to meet and enable him to traverse the facts averred. This class of statute offenses are not sufficiently described in the indictment by being set out in the words of the statute, without more; because those words do not *ex vi terminorum* import all that is necessary to a legal description of the offense." (2 Leading Crim. Cases, p. 174, and note.)

In *The Comm.* v. *Bean*, 11 Cush., 414 (*S. C.*, 2 Leading Crim. Cases, 172), it is said: " *The meaning of words in a statute may be and not unfrequently must be ascertained by examination of the context.* In the present case it is from the context that the words 'glass in a building' are understood on all hands to mean glass which is part of a building. But the court in ascertaining the offense with which the defendant is charged cannot look beyond the words of the indictment itself. If those words do not sufficiently charge the offense which the statute was meant to punish, the indictment is fatally defective." (Citing 2 Hawk. P. C., ch. 25, § 111; 19 Pick., 304; 8 Cush., 215; 7 B. Monroe, 247.)

"When an indictment follows the words of a statute, it does not necessarily follow that those words have the same meaning in the indictment which they have in the statute. If there is nothing in the context, or in the other parts of the statute *in pari materia,* to control or modify the sense and meaning of the terms in which the offense is defined, then it may be presumed that the terms in the indictment are used in the same sense with those in the statute, and whatever that prohibits the indictment charges. In such case the offense may be described and charged in the words of the statute. Otherwise, it may be necessary to frame the indictment in such terms as to designate the offense intended with precision." (*Comm.* v. *McCarron*, 2 Allen, 157; *Comm.* v. *Cox*, 7 Allen, 577; *Comm.* v.

*O'Connor*, 7 Allen, 583.) "The tests are these," said Wells, J., in a very recent case: "If every allegation may be taken as true and yet the defendant be guilty of no offense, then it is insufficient although in the very words of the statute." (*Comm.* v. *Squire*, 1 Metcalf, 258; 2 Lead. Crim. Cas., 174.)

Now, in article 744 of our Penal Code, the words used do not set forth, and were not intended to set forth fully, directly and expressly, all that is necessary to constitute the offense thereby intended to be punished. It is only by reference to the next succeeding context, article 745, that we can ascertain the constituents of the offense intended, and the indictment must allege one of the constituents. To illustrate the necessity of a charge of the particular mode in which this offense must be committed, take the charge as stated in the indictment, which is, " privately stealing." Would that charge be sustained by proof that the property was taken not only from the person but in his presence and when he knew that it was so taken? Surely not; such a taking could not and would not be a private taking. A private taking is one in which the party deprived of his property does not know of the theft. If he does know of it, then the offender can only be guilty if the taking was so suddenly done that the injured party had no time to make resistance before the property was carried away.

Now, while the words used in article 744 are " privately stealing," yet, in order to make them cover a case of theft from the person, where the theft was in the presence and knowledge of the party deprived of his property, it was absolutely necessary to declare, as coming within the purview of the statute, what otherwise could not possibly have been imported by the words used; and the next succeeding article of the Code, which does declare the constituents of the offense, becomes consequently a necessary part of its definition. But for this second article 745, it would be no offense to take property from another " so suddenly as not to allow time to make resistance before the property was carried away." Without a provision engrafting that upon the offense as an element or constituent of it, proof of that mode of acquiring property from another would not sustain an allegation of " privately stealing." The very case we are considering only sustains a case of theft from the person upon the presumption that the crime can be committed by taking the property so suddenly that the owner had no time to make resistance; for the money was not taken from his person " privately," but with his knowledge,— suddenly — and before he could make resistance. The allegation of this indictment is not supported by

the evidence adduced in the case.  In the case of *Woodward* v. *The State*, 9 Texas Ct. App., 412, it is said, "the act of privately stealing from the person of another is made *eo nomine* an offense against the law when the thing stolen was taken privately — was taken from the person and not merely in his presence; and the theft must be committed without the knowledge of the person from whom the property is taken, or so suddenly as not to allow time to make resistance before the property is carried away.  (Penal Code, arts. 744, 745.)   An indictment which contains these essential averments, and which otherwise charges or embraces the general definition of theft as defined in article 724, would satisfy the demands of the law and sufficiently describe the offense of theft from the person."   We have examined the record in Woodward's case, and the indictment charges that the property was taken so suddenly as not to allow time to make resistance before it was carried away.

Our conclusions from these authorities are that the indictment is fatally defective, and does not charge the crime of theft from the person as defined by our statute.  The court, therefore, erred in overruling defendant's motions to quash and in arrest of judgment. The judgment is reversed, and because the indictment is fatally defective the prosecution is dismissed.

*Reversed and dismissed.*

[Opinion delivered November 19, 1884.]